**Norma J. DEHNER, Brian Dehner, a minor and Melissa Dehner, a minor, by their natural guardian and next friend, Norma Dehner, Plaintiffs,**

v.

**KANSAS CITY SOUTHERN INDUSTRIES, INC., Defendant.**

**Civ. A. No. 88–2361–S.**

United States District Court, D. Kansas.

May 19, 1989.

Donna M. Dill, Nugent & Paprota, Leawood, Kan., for plaintiffs.

Brian D. Williams, Daniel Bukovac, James F. Duncan, Kansas City, Mo., William V. North, Anthony F. Rupp, Shughart, Thomson & Kilroy, P.C., Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Kansas City Southern Industries, Inc.'s ("KCSI") motion to dismiss the first amended complaint and for summary judgment.

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff Norma J. Dehner is the estranged wife of James B. Dehner and plaintiffs Brian Dehner and Melissa Dehner are their minor children. James B. Dehner has been an employee of Southern Group, Inc. ("SGI"), a wholly owned subsidiary of defendant KCSI, since January 1, 1985. Mr. Dehner is a participant in the Kansas City Southern Industries, Inc. Employees' Stock Ownership Plan ("ESOP"). Defendant KCSI is the administrator for that plan. Mr. Dehner also is entitled to benefits under the Kansas City Southern Industries, Inc. Tax Credit Employees' Stock Ownership Plan ("TRASOP"). Finally, Mr. Dehner is a participant in the Kansas City Southern Industries, Inc. and Subsidiaries Welfare Benefit Plan ("Plan 501"). KCSI is the plan sponsor and administrator for Plan 501. Mrs. Dehner and her two chil-

dren are beneficiaries of the insurance benefits provided by Plan 501.

The uncontroverted facts for purposes of this motion are as follows. On March 10, 1988, Mrs. Dehner filed a petition for divorce in the Tenth Judicial District Court of Kansas. During the pendency of those proceedings, plaintiff Norma Dehner's attorney requested various information to which Mrs. Dehner and her two children were allegedly entitled under §§ 104(b)(4) and 105(a) of ERISA, 29 U.S.C. §§ 1024(b)(4), 1025(a). Plaintiff's attorney made that initial request on May 24, 1988. She requested the following documents: (1) a copy of the procedures utilized by any pension plan sponsored by KCSI to determine the qualified status of a domestic relations order, and identification of the person responsible for administering the procedures for each plan; (2) a statement of the total benefits accrued to all employee benefit accounts of Mr. Dehner; (3) a copy of the latest summary plan descriptions and modifications for each employee benefit plan sponsored by KCSI; (4) the most recent available trust agreements, contracts or other instruments under which such plans are established or operated; (5) the name and mailing address of the administrator for each plan; (6) a copy of the claims procedures by which an alternate payee makes a claim for benefits under all pension plans sponsored by KCSI; and (7) a copy of the written notice of continuation coverage rights pursuant to ERISA § 606. When no response to plaintiffs' counsel's letter was immediately received, plaintiffs' counsel sent a follow-up letter on June 23, 1988, again requesting the information, and pointing out the applicable penalties under ERISA for failing to provide that information within thirty days. On July 1, 1988, KCSI responded to plaintiffs' counsel's letters, stating that Mrs. Dehner was not a "participant" or "beneficiary" of any KCSI plans, as those terms are defined under ERISA. KCSI therefore refused to provide the requested information. However, on July 27, 1988, KCSI changed its position in part and delivered sixteen documents responsive to the request to plaintiffs' counsel. On September 19, 1988, KCSI delivered copies of documents regarding the TRASOP responsive to the request to plaintiffs' counsel. Plaintiffs contend in this lawsuit that defendant is subject to penalties under ERISA for failing to provide the requested information within thirty days.

The uncontroverted facts further show that shortly after Congress passed the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), KCSI prepared written notices to be provided to all employees covered by Plan 501 and to the employees' spouses, which would advise them of their rights to continuation of health care benefits, as required by the new legislation. On the first day of the next plan year—July 1, 1986—KCSI hand delivered to each of Plan 501's participants, including Mr. Dehner, a copy of the written COBRA notice. Included within the same envelope as Mr. Dehner's notice was a notice prepared for the participant's spouse, and a note to Mr. Dehner to provide that notice to his wife. Plaintiffs now seek penalties against KCSI, contending that the method of providing those notices was inadequate to satisfy the statutory requirements of COBRA, and the content of those notices did not comply with the requirements of COBRA.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for

summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

### I. COBRA Notices

Defendant argues that the uncontroverted facts show plaintiffs are not entitled to recover for defendant's alleged failures to comply with COBRA. On April 7, 1986, that provision was signed into law. In part, COBRA amended ERISA to require that group health plans of covered employers provide their employees and certain family members the opportunity to continue health care coverage under the plan at group rates. In certain instances where coverage under the group health plan would otherwise be terminated, COBRA required group health plans to notify each covered employee and that employee's spouse of their rights under COBRA. Section 606(1) of ERISA required that:

> In accordance with regulations prescribed by the Secretary—
> (1) the group health plan shall provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee (if any) of the rights provided under this subsection.

29 U.S.C. § 1166. COBRA further required that for existing plans, covered employers should provide COBRA notices to their employees at the beginning of the next plan year. The parties agree that in this particular instance the next plan year began on July 1, 1986.

Plaintiffs contend that KCSI's chosen method of notifying spouses of their COBRA rights was inadequate. Plaintiffs cite an October 1985 Congressional Conference Committee Report, which states that the Secretary of Labor should issue regulations defining what notice will be adequate to satisfy § 606(1). The conference committee went on to point out that they intended that notice by mail to the beneficiary's last known address would be adequate, but that mere posting of COBRA rights at the employer's place of business would not be adequate notification. Plaintiffs thus argue that a method falling short of notification by first-class mail to the qualified beneficiary's last known address —the hand-delivery method employed by KCSI—was inadequate.

█ The court does not agree that defendant's method of delivering the notices violated COBRA. Certainly, KCSI's method of delivery was much more than "mere posting," and simply because delivery was not by one suggested method, it does not follow that any other method is inadequate to satisfy the requirements of COBRA. The court believes that the chosen method of KCSI in delivering the notices was reasonably calculated to reach those to whom they were directed. The court further notes that the same conference committee stated that, "pending the promulgation of regulations, employers are required to operate in good faith compliance with a reasonable interpretation" of COBRA's requirements. H.R.Rep. No. 453, 99th Cong., 1st Sess. 563. KCSI's chosen method of delivery was at the very least a good faith attempt to comply with a reasonable interpretation of COBRA's requirements, and KCSI was not in violation of ERISA for delivering the notices in that manner.

█ Plaintiffs further contend that the contents of those notices were inadequate to comply with COBRA's requirements. The court has reviewed the language of COBRA, along with the language set out in the notice sent out by KCSI on July 1, 1986, and has concluded that KCSI's notice was substantially in compliance with CO-

BRA. The court's conclusion on this matter is guided in large part, again, by the conference committee's requirement that employers operate in good faith compliance with a reasonable interpretation of COBRA's requirements. The court would further point out that KCSI had less than three months between the time COBRA was signed into law and the time COBRA required it to send out these notices. Under such circumstances, the court refuses to engage in a detailed analysis of COBRA's notices with the marked advantage of hindsight. The fact that KCSI immediately undertook to compose a notice that complied with COBRA's requirements in such a short amount of time mitigates against any penalty the court might impose even if the 1986 notices were technically imperfect. The court finds that KCSI did not violate COBRA in sending out its July 1, 1986 notices, and that even if there were minor technical flaws in its notices, circumstances mitigate against any penalty which might otherwise be justified.

## II. Requests Pursuant to ERISA Sections 104(b)(4) and 105(a)

■ Plaintiffs next argue that KCSI violated ERISA by failing to timely provide them with the information requested in their May 24, 1988 and June 30, 1988 letters. Sections 104(b)(4) and 105(a) of ERISA entitle any "participants" or "beneficiaries" of ERISA plans to receive certain documents regarding those plans upon reasonable request. KCSI admits that it did not deliver documents regarding the KCSI ESOP and Plan 501 to plaintiff Mrs. Dehner until July 27, 1988, and did not deliver documents regarding the TRASOP until September 19, 1988. Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), required that those documents be provided within thirty days of the May 24, 1988 request. Section 502(c)(1) further provides that anyone who fails to comply with such request, "unless such failure or refusal results from matters reasonably beyond the control of the administrator," within thirty days "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date

of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." Defendant contends here that the court should in its discretion decline to assess any penalties for its delay in providing the requested documents. It cites to the case *Sage v. Automation, Inc. Pension Plan & Trust*, 845 F.2d 885 (10th Cir.1988), for the rule in this circuit that a district court within its discretion may assess penalties when the plan representatives have been "completely indifferent to reasonable requests" for information. *Id.* at 894, n. 4. Defendant argues that plaintiffs' request was not reasonable because it was not limited to plans for which she was the beneficiary; instead, her May 24, 1988 letter sought information regarding all plans administered by KCSI, and plaintiff is not a beneficiary to many of the plans KCSI administers. Further, defendants contend the request was not reasonable because it sought information beyond that which defendant was required to provide under sections 104(b)(4) and 105(a) of ERISA. For example, plaintiffs sought copies of the most recent available trust agreements under which the plans are established or operated, and also sought a copy of the claims procedure by which an alternate payee makes a claim for benefits under KCSI-sponsored pension plans. Such requests are not within the scope of ERISA §§ 104(b)(4) and 105(a). Finally, defendant points out that the May 24, 1988 letter was addressed to KCSI in its capacity as an employer, rather than in its capacity as an administrator of the subject plan.

Plaintiffs counter defendant's arguments by pointing to other language within *Sage*. The court in *Sage* found that a district court can assess a penalty, even in an absence of a showing of bad faith on the part of the plan representatives or a showing of prejudice suffered by the plaintiff as a result of a failure to disclose promptly. Plaintiffs go on to point out that it was only after they threatened and filed this lawsuit that KCSI produced the requested documents. The court concludes that plaintiffs' May 24, 1988 request was unreasonable in that it sought information con-

cerning plans for which plaintiffs were not beneficiaries. However, the court also finds that defendant acted unreasonably in responding initially that Mrs. Dehner was not a beneficiary under any plans administered by KCSI, since it later admitted that she was a beneficiary under the ESOP, Plan 501 and the TRASOP. It appears from the uncontroverted facts that it was only after plaintiffs threatened this lawsuit that defendants did make a concerted effort to comply with those portions of plaintiffs' May 24, 1988 request that were reasonable. Some penalty is justified, although the fact that plaintiffs' initial request was unreasonable in scope does mitigate against the assessment of a large penalty. The court further notes that although plaintiffs have not formally moved for summary judgment in their favor on this issue, they do make various requests within their memorandum in opposition to defendant's motion that judgment be entered in their favor. The court will treat plaintiffs' response as a cross-motion for summary judgment and will assess penalties against defendant.

Defendant received plaintiffs' first request on May 27, 1988. Defendant did not deliver the information regarding the ESOP and Plan 501 until sixty-one days later, and it did not deliver the information regarding the TRASOP until 115 days later. The court finds that in light of the mitigating factors presented in favor of defendant, a fine of $20.00 per day from the thirty-day time limit through September 19, 1988, when the final documents were delivered to plaintiffs, is justified. ERISA required that the documents be delivered thirty days from the date the request was received. Thus, the documents were due on June 27, 1988. The last of the documents were not delivered until September 19, 1988. This was a delay of eighty-four days, and penalties will be assessed against Kansas City Southern Industries, Inc. in the amount of One Thousand, Six Hundred Eighty Dollars ($1,680.00). The court finds that this penalty is sufficient under the facts of this case and no other award, including attorneys' fees, will be assessed in favor of plaintiffs for KCSI's

failure to promptly deliver plan documents regarding the ESOP and Plan 501.

Defendants Melissa and Brian Dehner also claim KCSI violated ERISA in failing to promptly provide them with documents regarding them as beneficiaries of Plan 501. However, the uncontroverted facts show that their request was not made until June 30, 1988, and KCSI delivered the requested documents within thirty days, on July 27, 1988. Their request is wholly without merit and summary judgment will be granted to defendant in this regard.

Plaintiffs also contend that they are entitled to documents regarding the KCSI profit-sharing plan ("KCSI PSP"). They contend that James B. Dehner is actually an employee of KCSI, in addition to being an employee of its wholly-owned subsidiary SGI, and that they are therefore beneficiaries under the KCSI PSP. They show the court that from November 1986 through the present, Mr. Dehner has held the position of Assistant to the President of KCSI, that his Treasury Form W–2's filed with the Internal Revenue Service for seven of the past eleven tax years have shown compensation paid to him by KCSI. Finally, plaintiffs show the court that in the divorce proceeding in state court, Mr. Dehner and KCSI have represented that he is an employee of KCSI.

■ However, the relevant inquiry is not whether Mr. Dehner is an employee of KCSI; rather, the court must look to whether he is a participant in the KCSI PSP. Plaintiffs show the court no evidence which would indicate he is a participant in that plan. Further, defendant shows the court uncontroverted evidence that Mr. Dehner is not an employee of KCSI. It further shows the court that as an employee of SGI, he has been assigned to provide assistance to the president of his employer's parent company, KCSI; he has also received compensation bonuses from KCSI when he was president of another subsidiary of KCSI, the American–Coleman Company, and that other compensation from KCSI was as a result of the exercise of various stock options in KCSI common stock. Plaintiffs' attempt to muddy the

lines between the legally distinct but related corporations is unavailing. Finally, the court is not persuaded by plaintiffs' reference to Mr. Dehner's and KCSI's representations in the divorce action regarding Mr. Dehner's employer. It is certainly understandable that "KCSI" could be used generically to describe the "family" of KCSI companies. In the absence of facts indicating that Mr. Dehner is a participant in the KCSI PSP, the court will grant summary judgment in favor of defendant on this point. It had no duty to provide documents regarding a plan for which plaintiffs were not beneficiaries.

### III. Plaintiffs' Request for Punitive Damages

In addition to the statutory penalties allowed under ERISA, plaintiffs have also sought punitive damages on their ERISA claims. Defendant seeks summary judgment on plaintiffs' request for punitive damages, pointing out that the Tenth Circuit has plainly stated that punitive damages are not recoverable in an ERISA action. *See Sage*, 845 F.2d at 888. This court is bound by the clear mandate of the Tenth Circuit in *Sage*, and defendant will be granted summary judgment on plaintiffs' claim for punitive damages.

Defendant also asks this court to award it attorney's fees against plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure and Local Rule 110(a), because plaintiffs' request for punitives was not warranted by existing law. Defendant's request may have some merit. However, instead of finding a Rule 11 violation, the court would simply note that instead of assessing Rule 11 sanctions, this court will refuse to assess attorney's fees in favor of plaintiffs as a part of their damages. This "penalty" should be sufficient.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss and for summary judgment is granted in part and denied in part. IT IS FURTHER ORDERED that judgment be entered in favor of plaintiffs in the amount of One Thousand, Six Hundred Eighty Dollars ($1,680.00).