Aleksander JACHIM, Plaintiff,

v.

KUTV INC., Blue Cross and Blue Shield
of Utah, Amy Cobbledick, Tom Mitchell,
and Does 1–30, Inclusive, Defendants.

Civ. No. 91–C–720W.

United States District Court,
D. Utah, C.D.

Feb. 18, 1992.

Rex P. Burgon, Richard C. Taggert, Salt Lake City, Utah, for plaintiff.

Patricia M. Leith, Marvin D. Bagley, Salt Lake City, Utah, Patrick A. Shea, West Valley City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on Defendant KUTV Inc.'s ("KUTV") Motion to Dismiss. The court heard this motion on January 22, 1991. Plaintiff, Aleksander Jachim ("Jachim"), was represented by Rex P. Burgon and Richard C. Taggert. KUTV, Amy Cobbledick and Tom Mitchell were represented by Patricia M. Leith, Patrick Shea and Marvin D. Bagley. Before the hearing, the court carefully reviewed the memoranda submitted by the parties and all other pertinent papers in the file of this case. After the hearing, the court took the matter under advisement. Having further considered the law and the facts, this court now renders the following memorandum decision and order.

## BACKGROUND

Jachim filed the Second Amended Complaint in this action on December 24, 1991, and the parties stipulated to its filing on December 31, 1991.[1] In the Second Amended Complaint, Jachim names as defendants KUTV; Amy Cobbledick, KUTV's Manager of Human Resources; Tom Mitchell, Jachim's former supervisor at KUTV; and, Blue Cross & Blue Shield of Utah ("Blue Cross"), the insurer of KUTV's group health plan.[2] At the hearing, the parties also stipulated to joining as a defendant the Standard Employees Welfare Benefit Plan Administrative Committee, the administrator of KUTV's group health plan.

Jachim alleges forty-one claims for relief in the Second Amended Complaint. These include seventeen[3] federal claims based on alleged violations of certain provisions of the Employee Retirement Income Security Act of 1974 that are popularly known by the acronym "COBRA." *See* Comprehensive Omnibus Budget Reconciliation Act of 1986, Pub.L. 99–272, Title X, § 10002, 100 Stat. 227 (1986) (codified at 29 U.S.C.A. §§ 1161 to 1168 (West Supp.1991)). Jachim also alleges twenty-four state law claims based on KUTV's alleged wrongful termination of Jachim's employment.

1. Jachim filed the original Complaint in this matter on July 11, 1991. The Amended Complaint was filed on October 30, 1991.

2. The court is informed that Blue Cross has never been served with process in this matter. Blue Cross was not represented at the hearing on KUTV's motion. Jachim's counsel, however, acknowledged at the hearing that because the claims against Blue Cross are identical to other claims against KUTV, dismissal of the claims against KUTV would also warrant dismissal of the claims against Blue Cross.

3. The Complaint contains seventeen federal claims for relief. Two of these claims, however, are identical: the fifteenth and sixteenth claims for relief both allege that "[d]efendant Amy Cobbledick failed to notify plaintiff, ALEKSANDER V. JACHIM, of his rights under COBRA with respect to the qualifying event which occurred when defendant KUTV INC fired him on November 15, 1990."

Of the federal claims, eight are directed against KUTV, three [4] are against Cobbledick, and six are against Blue Cross. There are no federal claims against Mitchell. The essence of Jachim's federal claims is that KUTV and the other defendants violated COBRA by failing to provide Jachim with notice of his rights under that act. Specifically, Jachim alleges that there were six "qualifying events" that triggered KUTV's obligation to provide Jachim with such notice. *See* 29 U.S.C.A. §§ 1163, 1166 (West Supp.1991). Jachim also alleges that KUTV and Blue Cross failed to provide him with notice of his COBRA rights when his coverage under KUTV's group health plan commenced. *See id.* § 1166.

On November 25, 1991, KUTV moved to have the Complaint dismissed on three grounds.[5] First, KUTV argues that Jachim's federal claims fail to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Second, KUTV requests that if Jachim's federal claims are dismissed, this court should also dismiss Jachim's state law claims because there is no independent basis for federal subject matter jurisdiction over these claims. *See* Fed.R.Civ.P. 12(b)(1). Third, KUTV asks that even if Jachim's federal claims are not dismissed, the court should exercise its discretion and dismiss the state law claims because the federal and state claims do not derive from a common nucleus of operative fact, and the state law claims predominate over the federal claims.

## STANDARD OF REVIEW

Although this matter is before the court on a motion to dismiss, the parties have submitted numerous affidavits and other papers. Therefore, the motion will be considered as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir.1991). Once the moving party has carried its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Gonzales v. Millers Casualty Ins. Co.*, 923 F.2d 1417, 1419 (10th Cir.1991).[6] The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildlife Fed'n*, — U.S. —, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990) (quoting *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552).

In considering whether there exists a genuine issue of material fact, the court does not weigh the evidence but instead inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Clifton v. Craig*, 924 F.2d 182,

---

**4.** *See supra* note 3.

**5.** KUTV's motion was directed to the Amended Complaint. In its Reply to Plaintiff's Amended Memorandum in Opposition to KUTV's Motion to Dismiss, however, KUTV makes clear that the original grounds for its motion have not changed.

**6.** The summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

183 (10th Cir.1991).[7] Finally, all material facts asserted by the moving party shall be deemed admitted unless specifically controverted by the opposing party. D.Utah Civ.R. 202(b)(4).

## DISCUSSION

### A. *Jachim's Federal Claims*

For the purposes of this motion, Jachim's federal claims can be viewed as raising three essential questions. These include:

1. Did KUTV provide Jachim with timely and adequate notice of his rights under COBRA upon the commencement of his coverage under KUTV's group health insurance plan?

2. Which of the events that Jachim alleges occurred on or after February 13, 1991, are actually "qualifying events" for the purposes of COBRA?

3. Did KUTV comply with its obligation to provide notice to Jachim of his rights under § 1166(a)(2) of COBRA upon the occurrence of the qualifying event(s)?

### 1. The Initial Notice Question.

■ Jachim's first and ninth claims for relief allege that KUTV and Blue Cross, respectively, did not provide Jachim with timely and adequate notice of his rights under COBRA upon the commencement of his coverage under KUTV's group health insurance plan. Section 1166(a)(1) of COBRA, which sets forth the act's notice requirements, provides that group health plans "shall provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee (if any) of the rights provided under this subsection." 29 U.S.C.A. § 1166 (West Supp.1991). Section 1166(a)(1) was enacted in 1986, and it became effective for "plan years beginning on or after July 1, 1986." COBRA, Pub.L. 99-272, Title X, § 10002(d)(1), 100 Stat. 227 (1986). Jachim's employment with KUTV, as well as his participation in KUTV's group health plan, began on May 24, 1984.

KUTV has submitted two affidavits and a document establishing that on October 10, 1986, KUTV provided a copy of a memorandum to each of KUTV's employees and their spouses. This memorandum, which was prepared by Paul R. Ripplinger, then Vice President of Finance of the Standard Corporation (KUTV's parent company), informed KUTV employees and their beneficiaries of their right to continue participation in KUTV's group health care plan after their coverage would ordinarily cease. The memorandum described who was eligible for continued coverage, the length of time that coverage could be continued, the cost of continued coverage, and how the election to continue coverage could be made.

Jachim has made no showing, either through the production of affidavits, documents or other proof, that disputes KUTV's evidence. Moreover, the memorandum circulated by KUTV to each of its employees appears to be adequate under § 1166(a)(1) of COBRA. *See Dehner v. Kansas City S. Indus., Inc.,* 713 F.Supp. 1397, 1400 (D.Kan.1989). Thus, as a matter of law, this court finds that KUTV satisfied its obligation under § 1166(a)(1) to provide Jachim with notice of his COBRA rights upon commencement of Jachim's coverage under KUTV's group health insurance plan.

The court concludes, therefore, that Jachim's first and ninth claims for relief must be dismissed as a matter of law.

### 2. Qualifying Events.

Jachim's remaining federal claims all evolve around the fundamental question: Which of the events that Jachim alleges occurred on or after February 13, 1991, are actually "qualifying events" for the purposes of COBRA?

Section 1166(a)(2) of COBRA provides that an employer of an employee covered under a plan must notify the administrator of the plan of certain "qualifying events"

---

7. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Anderson v. Liberty Lobby,* *Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

within 30 days of the event. 29 U.S.C.A. § 1166(a)(2) (West Supp.1991). Section 1166(a)(4)(A) requires the plan administrator in turn to provide notice of COBRA rights to the employee. *Id.* § 1166(a)(4)(A). Section 1163 defines the relevant qualifying events as

> any of the following events which, but for the continuation coverage required under this part, *would result in the loss of coverage* of a qualified beneficiary:
>
> (1) The death of the covered employee.
>
> (2) The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.
>
> .    .    .    .    . .
>
> (4) The covered employee becoming entitled to benefits under title XVIII of the Social Security Act.
>
> .    .    .    .
>
> (6) A proceeding in a case under Title 11, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time.

*Id.* § 1163 (emphasis added).

Jachim's second through seventeenth [8] claims for relief allege that KUTV, Cobbledick and/or Blue Cross failed to provide Jachim with notice of his COBRA rights following qualifying events that occurred on February 13, 1990, July 19, 1990, November 15, 1990, December 31, 1990, and March 1, 1991. Except with respect to the events that occurred on December 31, 1990, Jachim's claims are without merit.

■ Jachim alleges that a qualifying event occurred on February 13, 1990, when his working hours were reduced from forty to zero hours per week. Jachim's argument is based on a misreading of the plain language of the statute. A reduction in hours is only a qualifying event under § 1163 if it "would result in loss of coverage." 29 U.S.C.A. § 1163 (West Supp. 1991). Yet, it is undisputed that Jachim continued to be covered under KUTV's

group health insurance into January 1991— at least ten full months after the reduction in hours occurred. Although it is conceivable that the reduction in hours set off a chain of events that ultimately led to Jachim's being placed in the position of loosing his coverage under KUTV's plan, such a relationship is too tenuous for this court to accept.

■ Jachim next asserts that qualifying events occurred on July 19, 1990, November 15, 1990, and March 1, 1991, because Jachim claims his employment with KUTV may have been terminated on those days. July 19 was the day that Jachim alleges he was informed by Tom Mitchell that KUTV was giving Jachim a six month personal leave of absence. Apparently, November 15 was the day that Jachim alleges he was authorized by his doctor to return to work—a fact he claims he made known to KUTV at the time. March 1 was the day that Jachim alleges he received a letter from the controller of Standard Employees Retirement Plan, noticing Jachim of the availability of his retirement benefits.

The record does not support Jachim's allegations. Jachim has not produced any clear evidence that he was terminated on or about any of these days.[9] KUTV, on the other hand, has offered the affidavit of Amy Cobbledick, which unequivocally states that Jachim was employed by KUTV through December 31, 1990. Moreover, the fact remains that Jachim continued to be covered under KUTV's group health plan until sometime in January 1991. Therefore, the court concludes as a matter of law that the events alleged by Jachim in the Amended Complaint to have occurred on February 13, 1990, July 19, 1990, November 15, 1990, and March 1, 1991, are not qualifying events within the meaning of § 1163.

Accordingly, the court concludes that Jachim's second through sixth, eighth through twelfth, and fourteenth through

---

**8.** *See supra* note 3.

**9.** In fact, Jachim states in his affidavit that he understood from his July 19 conversation with Mitchell that he would be returning to work.

sixteenth claims for relief must be dismissed as a matter of law.

Jachim's remaining seventh, thirteenth and seventeenth claims for relief allege that KUTV, Cobbledick and Blue Cross failed to provide Jachim with proper notice of his COBRA rights following his termination on December 31, 1990. The parties do not dispute that Jachim was terminated on this date. Nor do the parties dispute that this was a qualifying event under § 1163(2).

3. The Adequacy of KUTV's COBRA Notice Subsequent to the Real Qualifying Event.

■ There being no dispute that Jachim's termination on December 31, 1990, was a qualifying event within the meaning of § 1163(2) of COBRA, the court is faced with one remaining question: Did KUTV comply with its obligation to provide notice to Jachim of his rights under § 1166(a)(2) of COBRA?

This question raises the threshold issue of what an employer must do to comply with the notice provisions of § 1166(a)(2). Other than requiring that the notice be in writing, § 1166(a)(2) is silent on the manner in which notice must be communicated. The few courts that have considered this issue, however, have determined a good faith attempt to comply with a reasonable interpretation of the provision is sufficient. *See Truesdale v. Pacific Holding Co./Hay Adams Div.*, 778 F.Supp. 77, 81–82 (D.D.C. 1991); *Dehner*, 713 F.Supp. at 1400. *See also Kidder v. H & B Marine, Inc.*, 734 F.Supp. 724 (E.D.La.1990) (applying good faith compliance with reasonable interpretation standard to notice given by group health plans), *rev'd in part*, 932 F.2d 347 (5th Cir.1991) (upholding district court's determination regarding manner of giving notice). In applying this principle, courts have approved employers' methods of giving notice where those methods were reasonably calculated to reach the employee. *Dehner*, 713 F.Supp. at 1400; *Branch v. G. Bernd Co.*, 764 F.Supp. 1527, 1534 n. 11 (M.D.Ga.1991). Thus, an employer was

found to have complied with § 1166(a) by sending notice via first class mail to the last known address of an employee. *Truesdale*, 778 F.Supp. at 81–82. Similarly, an employer who hand delivered notice to an employee was deemed to have provided adequate notice to the employee's spouse, who was also a plan beneficiary. *Dehner*, 713 F.Supp. at 1400. *See also Branch v. G. Bernd Co.*, 764 F.Supp. 1527, 1534 n. 11 (M.D.Ga.1991) (citing *Dehner* for proposition that any method between posting and first class mail is sufficient, so long as notice is made in good faith).

Careful examination of the record in light of these principles reveals that there is no factual dispute among the parties as to whether this standard has been met in this case. In her affidavit, Amy Cobbledick, KUTV's Manager of Human Resources, states that she prepared a letter to Jachim dated December 31, 1990, that informed Jachim of both his termination as an employee of KUTV and his rights under COBRA. Enclosed with the letter was a "Notice of Right to Continue Medical Benefits" and a "COBRA Election Form." Cobbledick further avers that in accordance with KUTV's standard office procedure, she addressed this letter to Jachim's last known address [10] and placed the letter into the KUTV mail bin. According to Cobbledick, letters from the KUTV mail bin are regularly retrieved, metered and delivered to the United States Post Office by KUTV employees. KUTV argues that Cobbledick's testimony creates a presumption that Jachim received that letter. *See Meckel v. Continental Resources Co.*, 758 F.2d 811 (2nd Cir.1985).

Conversely, Jachim has submitted his own affidavits, as well as the affidavit of Amaida Kirkam, stating that he did not receive any notice of his COBRA rights from KUTV. Jachim argues that this testimony is sufficient to overcome the presumption that KUTV claims exists.

The court, however, need not resolve the issue of whether a presumption exists in this case. This is because the precise issue

---

**10.** The address on the letter is the same as Jachim's current address.

in this case is not whether Jachim received notice; rather, the issue is whether KUTV caused the notice to be sent in a good faith manner reasonably calculated to reach Jachim. *See Truesdale,* 778 F.Supp. at 81–82, n. 7. Cobbledick's testimony tends to show that KUTV did cause the notice to be mailed. Jachim, on the other hand, does not offer any evidence challenging Cobbledick's testimony that she prepared the letter and mailed it in accordance with KUTV's standard procedures. Nor does Jachim offer any evidence that the letter was not retrieved from KUTV's mail bin and delivered to the United States Postal Service. Based on this record, this court concludes, as a matter of law, that KUTV satisfied its obligation under § 1166(a)(2) by timely sending adequate notice via first class mail to Jachim's last known address upon the reasonable belief that Jachim still resided there.

Therefore, the court concludes that Jachim's seventh, thirteenth, and seventeenth claims for relief must be dismissed as a matter of law.

B. *Jachim's State Law Claims*

■ The only issue with respect to Jachim's pendent state law claims is whether this court should retain jurisdiction over the claims.

As the court made clear at the hearing on this matter, there is no justification for the court to retain jurisdiction over Jachim's pendent state law claims in the event that his federal claims are dismissed. This is even more evident to the court following its further careful review of this matter after the January 22, 1992, hearing. To retain jurisdiction over Jachim's state law claims at this relatively early stage of the litigation would directly contravene the instruction of the Supreme Court of the United States. The Supreme Court has directed that in cases such as this where the sole basis for jurisdiction is the presence of a federal question and the federal claim is dismissed before trial, "the state claims should be dismissed as well." *United ed Mineworkers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Therefore, Jachim's remaining claims for relief based on state law are dismissed from this court. Of course, the court offers no opinion with respect to the merits of these claims and these claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, all of Jachim's claims for relief based on federal law in this matter alleged against KUTV, Cobbledick, Blue Cross and the Standard Employees Welfare Benefit Plan Administrative Committee are dismissed with prejudice. Jachim's claims for relief based on state law are dismissed without prejudice inasmuch as the court lacks subject matter jurisdiction over them.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that:

Defendant's Motion to Dismiss is granted. No costs are awarded. Defendant's counsel are directed to prepare an appropriate judgment in accordance with this memorandum decision and order.