Jimmy **STANTON**, Plaintiff,

v.

**LARRY FOWLER TRUCKING, INC.**, Defendant.

**No. PB–C–91–547.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Aug. 22, 1994.

Joann C. Maxey, Kaplan, Brewer & Maxey, P.A., Tracy F. Bagwell, Little Rock, AR, for plaintiff.

James M. Duckett, Kemp, Duckett, Hopkins, & Spradley, Little Rock, AR, for defendant.

## *AMENDED ORDER*

STEPHEN M. REASONER, Chief Judge.

Presently before the Court is Defendant's Motion to Amend Judgment and for Entry of Judgment as a Matter of Law in Favor of Defendant (Doc. # 27), Plaintiff's Motion for Attorney's Fees (Doc. # 25), and Defendant's Counter–Motion for Attorney's Fees and Costs (Doc. # 31).

### I.

Plaintiff Jimmy Stanton originally went to work for Defendant Fowler Trucking Company as a truck driver in June of 1989. He voluntarily terminated his employment in November of 1989 and went back to work for Defendant in February of 1990. On or about June 20, 1990, Mr. Stanton injured his back in the course of his employment. As a result of the injury, Mr. Stanton was unable to return to work and began receiving workers' compensation benefits. In October, 1990, Mr. Stanton was admitted to the hospital due to a cardiac disorder. He asserts that during this hospitalization he became aware that he had no insurance coverage. Plaintiff asserts he was under the belief that he would continue to receive insurance coverage, however, his family would not be covered unless he personally paid the premiums for coverage. Defendant argues that the Plaintiff was hand delivered notice and fully informed of his rights under the Employee Retirement Insurance Security Act ("ERISA") when Plaintiff obtained his final check. As a result of this dispute, Mr. Stanton brought this action seeking recovery for the tort of outrage, wrongful discharge, and failure to comply with 29 U.S.C. § 1161 *et seq.* of ERISA.

This case was tried to the Court on December 6, 1993. At the close of evidence, the Court announced its findings and conclusions in favor of the Plaintiff and against the Defendant on Plaintiff's claim of violation of 29 U.S.C. § 1161, *et seq.* and against the Plaintiff and in favor of the Defendant on the tort of outrage and wrongful discharge claims. Defendant now requests that this Court reconsider and vacate its Judgment in favor of Plaintiff, make new findings and conclusions, and enter Judgment in favor of Defendant on Plaintiff's ERISA claim.

### II.

The Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq.* became effective on July 1, 1986. 29 U.S.C. § 1161(a) states as follows: "[t]he plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a

qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." *Id.* 29 U.S.C. § 1163 defines the term "qualifying event" to include the termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment. *Id.* Pursuant to 29 U.S.C. § 1166, the administrator is required to notify the qualified beneficiary within 14 days of becoming aware of the qualifying event. The Defendant admitted at trial that it was both the employer and administrator of the plan.

The subject provisions of ERISA enacted through COBRA do not indicate the exact manner in which the notice requirements of 29 U.S.C. § 1166 are to be satisfied.

> The Courts that have addressed the issue of the manner in which the notices required by § 1166 may be communicated have held that "a good faith attempt to comply with a reasonable interpretation of the statute is sufficient." *Jachim v. KUTV Inc.,* 783 F.Supp. 1328, 1333 (D.Utah 1992); *Branch v. G. Bernd Co.,* 764 F.Supp. 1527, 1534 n. 11 (M.D.Ga. 1991), *aff'd,* 955 F.2d 1574 (11th Cir.1991) ("courts have generally validated methods of notice which are calculated to reach the beneficiary"); *see also* H.R.Rep. No. 453, 99th Cong., 1st Sess. 563 (stating that pending the promulgation of regulation defining what will constitute adequate notice, "employers are required to operate in good faith compliance with a reasonable interpretation" of COBRA's requirements). Methods of notification which are reasonably calculated to reach the employee or beneficiary are considered to conform to the standard of good faith compliance with the statute. *Jachim,* 783 F.Supp. at 1333; *Dehner v. Kansas City Southern Indus., Inc.,* 713 F.Supp. 1397, 1400 (D.Kan.1989) (notices under § 1166 must be reasonably calculated to reach those to whom they were directed; hand delivery deemed sufficient).

*Lawrence v. Jackson Mack Sales, Inc.,* 837 F.Supp. 771, 776 (S.D.Miss.1992). As stated above, the court in *Dehner* held that hand delivery is a sufficient method of fulfilling the ERISA notice requirement. The Defendant

asserts that hand deliver was the method used to provide Plaintiff with the required notice. As Plaintiff denies receiving notice through this or any other method, a fact issue was before the Court. At the trial, the Court held that the evidence was in equipoise as to this fact issue. Therefore, the Court resolved the fact issue based upon the party which it determined to bear the burden of proof.

### III.

■ The provisions of ERISA amended by COBRA and continued at 29 U.S.C. § 1161 *et seq.* do not prescribe which party bears the burden of proof as to the satisfaction of the notification requirement of § 1166. Furthermore, the parties could not direct the Court to case law which prescribes which party carries this burden of proof.

29 U.S.C. § 1059(a)(1) provides that "every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." *Id.* Courts have interpreted this statute as requiring the employer to carry the burden of proof once a genuine fact issue as to employee benefits arises. *Brick Masons Pension Trust v. Industrial Fence & Supply, Inc.,* 839 F.2d 1333 (9th Cir.1988) (Once the union fringe benefit trust produces evidence raising genuine questions about accuracy of employer's records required under ERISA and number of hours worked by employees, burden on issue of amount of contributions payable by employer shifts to employer to come forward with evidence of precise amount of work performed); *Combs v. King,* 764 F.2d 818 (11th Cir.1985) (In action by trustees to recover alleged deficiencies in employer's payments to several health and retirement trust funds under union contract, employer had burden of disproving trustees' estimate of hours worked by employees due to employer's failure to maintain adequate records.) "Analyzing COBRA in its totality, along with its legislative history, indicates that the major responsibility for compliance falls upon the employer. After all, it is the employer who receives the tax deduction of compliance with COBRA." *Kidder v. H & B*

*Marine, Inc.,* 734 F.Supp. 724, 730 (1990) (citations omitted).

Based upon 29 U.S.C. § 1059, the Court found and continues to believe that the employer, the Defendant here, carries the burden of proving notice was given pursuant to 29 U.S.C. § 1166. As the evidence presented by the parties was equally balanced, Judgment was entered in favor of the Plaintiff. Defendant asserts in its motion that the Court erred in holding that Defendant had the burden of proof because such burden shifting is not recognized by the provisions of COBRA and is inconsistent with the general rule that a plaintiff at all time has the evidentiary burden of proving the allegations contained in the complaint.

The Court readily acknowledges that the Plaintiff bears the burden of proof unless such burden is shifted to the Defendant under a statute or through case law. It is this Court's finding that 29 U.S.C. § 1059 in fact shifts this burden of proof to the Defendant. The Court is not persuaded by Defendant's arguments set forth in its motion that the evidence of the parties was not equally balanced.

### IV.

■ The Court also rejects Defendant's argument that the Court erred in holding that the notice given Plaintiff was insufficient pursuant to the provisions of 29 U.S.C. § 1166. Defendant's Exhibit # 2 is a post card addressed to the insurance company. The Plaintiff's return address is indicated on both sides of the card. Plaintiff signature and desire to convert to direct pay membership are also noted on the post card. The card instructs the employee to mail said card so that it will reach the insurance company's office within 31 days of the last day covered by the employer. A patent ambiguity arises in that the blank space designating the last day of employment was never completed.

29 U.S.C. § 1166(a)(4) requires the notice to disclose "such beneficiary's rights under this subsection" *Id.* "This includes adequate information about 'the coverage [he] is entitled to receive and the money that [he] owe[s] in order to maintain coverage.' *Lincoln General Hospital v. Blue Cross/Blue Shield of Nebraska,* 963 F.2d 1136, 1139–40 (8th Cir.1992)." *Phillips v. Riverside, Inc.,* 796 F.Supp. 403, 410 (E.D.Ark.1992). Plaintiff asserts he was unaware that he was terminated until hospitalized for the cardiac disorder. The signed post card does not indicate when Plaintiff was terminated. Therefore, the Court finds that the Plaintiff was not adequately informed of his rights under ERISA as he was not notified when he must make the payment necessary to maintain his insurance coverage.

### V.

■ Under 29 U.S.C. § 1132(g)(1), the Court has the authority to award reasonable attorneys' fees and costs of this action to either party. Plaintiff's motion requests the Court to award attorney's fees and costs totaling $19,762.93.

Given the remedial purposes underlying ERISA, the United States Court of Appeals for the Eighth Circuit has indicated that a plan beneficiary successfully seeking to enforce rights under an ERISA plan "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980) (quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). *See also Gunderson v. W.R. Grace & Co. Long–Term Disability Income Plan,* 874 F.2d 496, 500 (8th Cir. 1989). The burden of "special circumstance" necessary to overcome the presumption in favor of an award of fees to a prevailing ERISA beneficiary rests upon the losing party. *Landro* at 1356 n. 19; *Gunderson* at 500.

*Lutheran Med. Ctr. v. Contractors Health Plan,* 814 F.Supp. 799, 802 (D.Neb.1993).

In exercising the Court's discretion a Court should consider the following factors:

(1) the degree of the opposing parties's culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties could deter other persons acting under

similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Jacobs v. Pickands Mather & Co.,* 933 F.2d 652, 659 (8th Cir.1991) (citing *Lawrence v. Westerhaus,* 749 F.2d 494, 495 (8th Cir.1984) (quoting *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980))).

For the reasons discussed above, this Court determined the Defendant was blameworthy for the failure of Plaintiff being properly notified of his rights under ERISA. Testimony from a former employee of Defendant, Delbert Johnson, who asserted he never received the notice which Defendant claims was provided to his son is further evidence of Defendant's failure to comply with the requirements of ERISA.

The testimony on part of the Defendant revealed that the company, while a family owned business, had grown from a small one-person trucking business to one with well over forty trucks. The Defendant has made no showing that it does not have sufficient funds to pay the requested fee award or that payment of the award would cause financial hardship.

The award of attorney's fees will have deterrence value in that it will encourage the Defendant to fully inform other employees of their rights under ERISA and closely document such information.

The Judgment in favor of the Plaintiff will encourage the Defendant to assure that its participants and beneficiaries fully understand their rights under ERISA. Therefore, the decision will benefit the other plan participants.

The final factor is the relative merits of the parties' positions. As state previously stated, the case was largely determined based upon which party bore the burden of proof on the issue of notice. The court found the evidence to be in equipoise. Therefore, the parties submitted evidence with equal merit.

The Court finds the Defendant has not demonstrated special circumstances which would overcome the presumption of awarding attorney's fees to the prevailing party. Therefore, Plaintiff, having prevailed on his ERISA claim, should be awarded attorneys fees and costs.

■ Plaintiff has submitted itemized statements from his attorneys which they assert excludes time and costs related to the dismissed state tort claims. Plaintiff acknowledges that some time was spent on the dismissed claims in drafting the Complaint, discovery pleadings, and other pleadings, but asserts that the majority of this time overlapped and would have been incurred even if the ERISA claim was the sole issue. Defendant asserts that $6,552.00 in attorneys fees and a proportionate percentage of the costs are attributable to the state tort claims and thus should not be awarded to the Plaintiff.

In *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069 (8th Cir.1991), the court noted that when "the hours expended are not easily allocable because the unsuccessful and successful claims were related, the court may merely reduce the award in its discretion to an amount reasonable in relation to the result on the merits." *Id.* at 1074. In this case, the Plaintiff was successful on only one of the three aspects of the relief sought. Lack of success has supported reductions in fee awards of as much as sixty-seven percent. *Popham v. City of Kennesaw,* 820 F.2d 1570, 1581 (11th Cir.1987). Therefore, the Plaintiff shall recover one-third of the disputed attorney's fees plus all costs and undisputed attorney's fees for a total award of $15,394.93.[1]

### Conclusion

For the reasons set fourth herein the Defendant's Motion to Amend Judgment and for Entry of Judgment as a Matter of Law in Favor of Defendant (Doc. # 27) is denied; Plaintiff's Motion for Attorney's Fees (Doc. # 25) is granted; and Defendant's Counter–Motion for Award of Attorney's Fees and Costs (Doc. # 31) is denied. The Clerk is directed to remove Plaintiff's Motion for Ex-

---

1. The total of Plaintiff's attorney fees ($19,041.08) less the disputed attorney fees ($6,552.00) plus one-third of the disputed attorney fees ($2,184.00) plus costs ($721.85).

tension of Time to Reply and Respond to Defendant's Motion for Attorney's Fees and Costs (Doc. # 33) as moot.

It is SO ORDERED.