990 F.Supp. 1039 (1998)
Judith PERLMAN, Plaintiff,
v.
SWISS BANK CORPORATION COMPREHENSIVE DISABILITY PROTECTION PLAN, Swiss Bank Corporation Short-Term Disability Plan, Swiss Bank Corporation Long-Term Disability Plan, Swiss Bank Corporation, Thomas L. Jacobs & Associates, Inc., Unum America, and First Unum Life Insurance Company, Defendants.
No. 95 C 6610.
United States District Court, N.D. Illinois, Eastern Division.
January 16, 1998.
*1040 *1041 George Edward Weaver, Chicago, IL, for Plaintiff.
Thomas B. Quinn, Jody Lynn Rudman, Schiff, Hardin & Waite, Chicago, IL, Mary Patricia Benz, Catherine J. Casey, Quinlan & Crisham, P.C., Chicago, IL, for Defendants.

MEMORANDUM OPINION AND ORDER
BUCKLO, District Judge.
In a previous opinion I found First UNUM Life Insurance Company's ("UNUM") decision to deny Judith Perlman disability benefits arbitrary and capricious. Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 979 F.Supp. 726 (N.D.Ill. 1997). I remanded Ms. Perlman's case to UNUM, the plan administrator, for a redetermination of whether she is owed disability benefits. Ms. Perlman moves for an award of attorney's fees, costs, and expenses. For the following reasons, the motion is granted.

Prevailing Party
The Employee Retirement Income Security Act ("ERISA") gives me discretion to award reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1). To recover fees and costs, Ms. Perlman must first establish she is the "prevailing party" in this litigation. Janowski v. International Bhd. of Teamsters Local Number 710 Pension Fund, 812 F.2d 295, 297 (7th Cir.1987). In ERISA cases, a "prevailing party" is determined using the same standard set forth under 42 U.S.C. § 1988. Id. A plaintiff is considered a "prevailing party" if she "`succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). "[T]he plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). More specifically, "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).
I find Ms. Perlman is a prevailing party. Ms. Perlman filed suit seeking to overturn the denial of her disability benefits. I found that UNUM's denial of benefits was arbitrary and capricious and remanded the case for a "new determination" of disability benefits. Perlman, 979 F.Supp. 726, 730-31. In doing so, I found "serious flaws in UNUM's decision-making process" and ordered UNUM to seek "outside expert assistance in reviewing Ms. Perlman's claim." Id. While I did not grant Ms. Perlman the greatest relief possible, an award of disability benefits, I did grant her a judgment that was a direct benefit: a new and procedurally proper assessment of her claim for disability benefits. Based on UNUM's new responsibilities, the legal relationship between the parties has changed and Ms. Perlman is a "prevailing party."
Although UNUM argues otherwise, the fact I did not award Ms. Perlman disability benefits does not prohibit Ms. Perlman's status as a "prevailing party." Ms. Perlman need only succeed "`on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.'" Hensley, 461 U.S. at 433. One of Ms. Perlman's goals *1042 in bringing suit was to have UNUM's denial of disability benefits voided. She has accomplished this goal and is, accordingly, a "prevailing party."[1]

Fee Awards
The Seventh Circuit has noted that, in the ERISA context, two tests exist to determine whether fees should be granted to a prevailing party. Meredith v. Navistar Int'l Transp. Corp., 935 F.2d 124, 128 (7th Cir.1991). The first test looks at five factors:
(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
Id. (citation omitted). The second test suggests the prevailing party is entitled to fees unless the court finds that "the losing party's position was `substantially justified.'" Production & Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1404 (7th Cir.1992). "Whichever approach is used, the bottom-line question is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" Meredith, 935 F.2d at 128. Ms. Perlman does not have to show that UNUM subjectively acted in bad faith. Roadmaster Corp., 954 F.2d at 1405. Instead, the Seventh Circuit has interpreted the language in Meredith referring "to `good faith' and `harass[ment]' simply to mean that a party who pursues a position that is not substantially justified  that is, a position without a `solid basis'  has, in an objective sense, really done nothing more than harass his opponent by putting him through the expense and bother of litigation for no good reason." Id. A district court should entertain a "modest presumption" that a prevailing party is entitled to reasonable attorney's fees. Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995) (citation omitted).
UNUM, in its motion for summary judgment, took the position that it had properly denied Ms. Perlman's claim for disability benefits. UNUM argued that Ms. Perlman had not proven any procedural defects in its decision-making process. (Def. Summ. Jud. Motion at 20). I do not believe such an argument was substantially justified or had a solid basis. As I noted in my previous opinion, UNUM's decision to deny short-term benefits was clouded by a potential conflict of interest. Perlman, 979 F.Supp. 726, 728-29. UNUM was aware that granting Ms. Perlman short-term disability benefits, which would have been paid by Swiss Bank Corp., could lead to paying long-term disability benefits, which would have to be paid by UNUM. Further, Ms. Perlman's claim was assigned to Robert D'Antonio for review. Mr. D'Antonio admitted Ms. Perlman's claim was one of the more complex claims he had ever handled. Still, Mr. D'Antonio did not seek an independent medical evaluation of Ms. Perlman and did not order tests which had been suggested by a UNUM nurse who had reviewed Ms. Perlman's records.
Additionally, when Ms. Perlman appealed her denial through the UNUM appeal process, UNUM did not seek outside experts to review Ms. Perlman's claim. Although the appeal processor consulted two UNUM nurses regarding Ms. Perlman's case, neither of the nurses actually reviewed Ms. Perlman's file. Indeed, neither nurse was asked to give a general opinion on Ms. Perlman's claim. Further, none of UNUM's claim handlers knew anything about Ms. Perlman's job other than that she was a lawyer. Thus, they were hardly in a position to determine whether Ms. Perlman's ailments disabled her from performing her job duties. In sum, *1043 UNUM's argument that its decision-making process was procedurally sound was not "substantially justified."

Reasonableness of Fees
Although Ms. Perlman is entitled to fees, I may only award fees that are reasonable in relation to the results Ms. Perlman obtained. Texas State Teachers Ass'n, 489 U.S. at 789-90; Janowski, 812 F.2d at 298. Determining which fees Ms. Perlman should be awarded based on her argument that UNUM's decision-making was procedurally defective is not simple. Unlike many cases where a litigant may prevail on one count of a numerous count charge and fees may be determined based solely on efforts to win that particular count, Ms, Perlman's case consisted of various arguments arising out of a common core of facts. The Supreme Court has counseled that "district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." Texas State Teachers Ass'n, 489 U.S. at 789-90. "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435. "[T]he most critical factor is the degree of success obtained." Id. at 436.
Ms. Perlman fell short of the success she sought. Ms. Perlman argued for de novo review of her claim, reversal of UNUM's denial of benefits, an award of short-term disability benefits, and an award of long-term disability benefits. She only achieved reversal of UNUM's denial of benefits and a remand. Given Ms. Perlman's success in relation to the relief she sought, I find she achieved one-third of the relief she requested. Accordingly, I find that Ms. Perlman is entitled to one-third of her attorney's fees. See Stanton v. Larry Fowler Trucking, Inc., 863 F.Supp. 908, 912 (E.D.Ark.1994) (finding a plaintiff who was successful on only one of three aspects of relief sought was entitled to one-third of requested fees).
A determination of reasonable attorney's fees requires calculation of the "lodestar." The lodestar is the product of an attorney's reasonable hourly rate and the number of hours reasonably expended. People Who Care v. Rockford Bd. of Educ., Sch. Dist. Number 205, 90 F.3d 1307, 1310 (7th Cir.1996). UNUM first objects to Ms. Perlman's attorney's hourly rates. Lead counsel for Ms. Perlman, George Weaver, billed his time at $250 per hour and billed his associate's time at $100 per hour. "The attorney's actual billing rate for comparable work is `presumptively appropriate' to use as the market rate." Id. (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993)). In support of his hourly rate, Mr. Weaver has presented his own affidavit, that of Dina Arrigo, his associate, and that of Gene Hansen, a partner with a Chicago law firm. Mr. Weaver's affidavit states he has twenty-five years of legal experience and that since 1992 he has billed every client $250 per hour. Mr. Weaver states that his familiarity with hourly rates for attorneys of similar competence indicates his rate is well within the market rate. Similarly, Ms. Arrigo's affidavit states she has billed at $100 per hour for the last several years. Mr. Hansen's affidavit states that, as a lawyer with over 20 years of experience, he is familiar with fees charged by lawyers in law firms in Chicago and that Mr. Weaver's rate of $250 per hour is reasonable. UNUM presents no evidence that Mr. Weaver's hourly rates are not within the market rate of the Chicago area.
Mr. Weaver's rate of $250 per hour is not unreasonable given the complexity of this case. Ms. Perlman's claim involved disputed medical benefits that required proving UNUM's decision-making process was procedurally flawed. Further, Ms. Arrigo's rate of $100 per hour is reasonable given her fifteen years of legal experience and the complexity of this case. Indeed it is conservative.
UNUM also claims that the hours Ms. Perlman's lawyers spent on this litigation were not reasonable. Ms. Perlman's lawyers have specifically broken down their billing and accounted for all of their hours. UNUM's objections, that Ms. Perlman's counsel spent over ten hours a day on her case (on three occasions) and spent thirty hours reading cases, are not meritorious. It *1044 is not unusual to bill considerable hours when filing deadlines approach or to do significant research in a case of this complexity. After reviewing Ms. Perlman's submissions, I find the hours expended in this case are reasonable.
Aside from $132,060.00 in attorney's fees, Ms. Perlman also claims $4,419.67 in costs. UNUM argues these costs are unreasonable and some are improper. In addition to attorney's fees, ERISA authorizes a court to assess costs. 29 U.S.C. § 1132(g). A court may shift only those costs taxable under 28 U.S.C. § 1920. Agredano v. Mutual of Omaha Companies., 75 F.3d 541, 543 (9th Cir.1996); see also Neyer, Tiseo & Hindo, Ltd. v. Russell, No. CIV.A. 92-2983, 1994 WL 158917, at *3-4 (E.D.Pa. April 29, 1994) (finding costs recoverable under ERISA are limited to those found in Section 1920 and 28 U.S.C. § 1821).[2] Ms. Perlman claims costs for her attorneys' traveling expenses. Ms. Perlman's request for costs to cover her attorneys' airline tickets, lodging, meals, and other transportation amounts to $1,508.39. These costs are not permitted under Section 1920 and accordingly, are not recoverable. Also, the cost of postage is not covered under Section 1920. Thus, Ms. Perlman's Federal Express costs of $20 must be disallowed. This leaves Ms. Perlman's costs at $2,891.28.[3] I find these costs are reasonable and award them in full.
In sum, Ms. Perlman is entitled to one-third of her attorney's fees, $44,020, and costs in the amount of $2,891.28, for a total of $46,911.28.

Conclusion
Ms. Perlman is the prevailing party in this litigation. UNUM was not substantially justified in arguing its decision-making process was procedurally sufficient. Still, Ms. Perlman did not achieve the total success she sought and thus, is not entitled to all of the fees she requests. For the reasons stated above, Ms. Perlman is awarded attorney's fees and costs in the amount of $46,911.28.
NOTES
[1] UNUM argues that a remand is nothing more than a pyrrhic victory and thus, Ms. Perlman is not entitled to fees. Although I may deny fees to Ms. Perlman if I find her recovery was "merely technical or de minimis," Fisher v. Kelly, 105 F.3d 350, 352 (7th Cir.1997), such is not the case. Ms. Perlman has succeeded in overturning UNUM's denial of her benefits. UNUM must now reconsider Ms. Perlman's claim, seeking the assistance of outside experts and making further factual findings. While Ms. Perlman's relief may not amount to the large monetary damages she requested, the relief can hardly be said to be a mere technicality.
[2] In dicta, the Supreme Court has noted the term "costs" should be interpreted in fee-shifting statutes just as it is interpreted in cost statutes that apply to ordinary litigation. West Virginia Univ. Hosp., Inc. v. Casey, 499 U.S. 83, 87 n. 3, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). In Casey, the court found the term "costs" in 42 U.S.C. § 1988 was to be read in harmony with Section 1920. Id.; see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (finding the word "costs" as used in Federal Rule of Civil Procedure 54(d) is to be read in harmony with Section 1920).
[3] Total costs ($4,419.67) less travel-related expenses ($1,508.39) less postage ($20.00).