Laurie TRUESDALE, Plaintiff,

v.

PACIFIC HOLDING COMPANY/HAY
ADAMS DIVISION, et al.,
Defendants.

Civ. A. No. 91–1261.

United States District Court,
District of Columbia.

Nov. 26, 1991.

Eric Steele, Catherine M. Thomas, Washington, D.C., for plaintiff.

Joseph R. Damato, Susan C. Benner, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for defendants.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This case involves the plaintiff's claim that her employer and a third-party service provider failed to provide her with notice of her right to continuing health care coverage after she was fired from employment at the employer's hotel. The plaintiff alleges that both defendants violated the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA")[1] and their respective fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA")[2] in failing to notify her of her right to continuing coverage.

Each defendant has moved separately for summary judgment. The plaintiff has filed an opposition, in which she raises, for the first time, the issue of the defendants' failure to provide her with notice at the *commencement* of her coverage under her employer's health benefits plan.

## I. BACKGROUND

The plaintiff is a former employee of the Hay Adams Hotel in the District of Columbia. She was employed as a security guard by the defendant, Pacific Holding Company/Hay Adams Division (hereinafter "Hay Adams"), at the Hay Adams from July 26, 1988 until January 15, 1990, when her position was terminated.

Pacific Holding Company sponsored a group health plan (hereinafter "Hay Adams Plan") for employees of the Hay Adams Hotel from July 1, 1986 to December 31, 1989. According to the terms of the plan, defendant Hay Adams served as the administrator of the plan. It is uncontroverted that the plaintiff was covered by the Hay Adams Plan during the period she was employed by the Hay Adams Hotel.

The defendant Penn General Insurance Services, Inc. (hereinafter "Penn General"), a California-based third-party service provider, contracted with defendant Pacific Holding from July 1986 to December 31, 1989 to provide certain administrative services for the Hay Adams Plan covering non-union employees of the Hay Adams Hotel.

It is uncontroverted that on the day that the Hay Adams Hotel hired the plaintiff, they provided her with a copy of a notification form which explained her right to continuing health care coverage under COBRA. The plaintiff signed the notice indicating she had read and understood its contents.[3]

The defendants contend that on the day Hay Adams terminated Ms. Truesdale, the Hotel's personnel director, Ms. Tanya Wood, met with the plaintiff and informed her of her rights under COBRA to continue her health care coverage at a cost of $127.79 per month. Defendants allege that plaintiff refused the continued coverage, stating she could not afford the premium. The plaintiff denies that this conversation took place.

Defendants further contend that on January 23, 1990, Ms. Wood mailed a COBRA notification form and an election form to the plaintiff's last known address, in accordance with normal office procedures. Defendants provide the affidavit of Ms. Wood, who states that on January 23rd, she enclosed the notice and election form in an envelope upon which she had typed the

---

1. Consolidated Omnibus Budget Reconciliation Act of 1985, Pub.L. No. 99–272, 100 Stat. 82, 227 (1986), codified at 29 U.S.C. §§ 1161–1168, as amended 29 U.S.C. § 1166.

2. Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829, codified at 29 U.S.C. §§ 1001 *et seq.* (1976).

3. The plaintiff asserts that while it is her signature affixed to the notification form, she has no recollection of receiving or signing the doc-

ument. The Court places no value on this assertion. The plaintiff has not made any allegation of misconduct by the defendants as to the notification form. Nor has she suggested any evidence of misconduct. Obviously, therefore, the Court shall treat the plaintiff's verified signature, followed by the date July 26, 1988 on the notification form, as conclusive evidence that she, in fact, received the form from defendant Pacific Holding on the first day of her employment.

plaintiff's last known address; then, mailed the package in a routine manner. According to Ms. Wood, the address, 4401 Clermont Drive, Washington D.C. 20011, was provided by the plaintiff in her employment application. Ms. Wood states that this is the only address Ms. Truesdale ever provided to the Hay Adams Hotel during her employment there. Ms. Wood also states that she retained a copy of the COBRA notice for the plaintiff's personnel files, noting on the copy the date that the notice was mailed.

In addition, Ms. Wood states in her affidavit that when Ms. Truesdale failed to respond to the January 23rd notice, she mailed a follow-up letter reminding plaintiff of her right to coverage and of the sixty-day election period. She attests that she also included another COBRA notice and election form. This letter, she attests, also was mailed to plaintiff's last known address in a manner consistent with office procedure.

The plaintiff, in her statement of material facts, asserts that she never received either notice letter. She argues that the notices, if mailed, were addressed incorrectly in that they failed to include the city quadrant designation of Northeast, and her apartment number. She also suggests that the notices were never mailed, asserting that she has received other correspondence from the Hay Adams addressed in the same manner as the alleged notices. Finally, the plaintiff questions Ms. Wood's veracity. She alleges that Ms. Wood was terminated from prior employment for her failure to authorize payment of health care insurance benefits for hundreds of employees.

In its reply, defendant Hay Adams provides an additional affidavit of Ms. Wood. In the second affidavit, Ms. Wood states that the plaintiff's allegation regarding Ms. Wood's former employment are untrue.

In her opposition to defendants' summary judgment motions, plaintiff Truesdale also argues, for the first time, that defendants failed to provide her with notice of commencement of health care coverage (hereinafter "commencement notice") when

Penn General superseded the Pacific Holding Group Health Plan and again when George Washington University Health Plan ("GWUHP") replaced the Pacific Holding/Penn General group health plan. At oral argument on the motions, plaintiff's counsel informed the Court that counsel intended to file a motion to amend the complaint to include this cause of action.

In addressing the defendants' motions, the Court first considers the issue of COBRA notice to the plaintiff upon termination of her employment at the Hay Adams. Then, the Court considers the commencement notice issue raised by the plaintiff in her opposition.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted where there exists "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." The burden is on the moving party to demonstrate to the court, by way of pleadings, depositions, answers to interrogatories, admissions on file or affidavits, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once that showing is made, the non-moving party must respond with specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. The non-moving party cannot rely merely on the pleadings. *Id.* And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (italics in original). The non-moving party must point to a genuine dispute over a material fact, that is, a "dispute over facts that might affect the outcome of the suit under the governing law". *Id.* at 248, 106 S.Ct. at 2510.

### A. NO MATERIAL FACTS IN DISPUTE

In this case, all the parties agree that the only issues concern notice: notice upon ter-

mination of plaintiff's employment and commencement notice. As to these issues, the Court finds that there is no dispute over the material facts.

Both defendants contend that Ms. Truesdale was given notice of her COBRA rights on the first day of her employment at the Hay Adams Hotel; both agree that this was the only commencement notice given to the plaintiff during her employment at the hotel. The plaintiff does not dispute these facts.

Defendant Hay Adams further alleges that upon the plaintiff's termination, it mailed two COBRA notices to her within the forty-four day statutory time limit. The defendant asserts that the notices were mailed to an address provided by the plaintiff during her employment and that the plaintiff never indicated any correction to the address was necessary. The plaintiff does not allege differently. Although, in argument, plaintiff suggests that the defendant may not have mailed any notices, she points to no specific facts to support this charge.[4]

Finally, the plaintiff asserts that she never received any COBRA notices from the defendants. For purposes of these motions, neither defendant disputes this fact.

The only disputed fact presented by the parties is whether or not Ms. Wood discussed with Ms. Truesdale her right to continuing health care coverage and the sixty-day election period under COBRA, in a meeting on the last day of the plaintiff's employment. However, this fact is immaterial. It will not affect the outcome of the case in light of the other facts presented. Even assuming, as the Court must, that the discussion did not take place, the remaining facts are sufficient for the Court to decide the case as a matter of law.

Therefore, the only question remaining is whether the defendants are entitled to judgment as a matter of law. The Court now turns to that question.

## NOTIFICATION UPON TERMINATION UNDER SECTION 1166(a)(4)

COBRA was enacted to provide employees who had been covered by a group health care plan through their employment, with the opportunity to elect continuation of coverage under the plan if coverage was lost because of loss of job or reduction in hours. 29 U.S.C. § 1161. COBRA amended ERISA to require sponsors of group health plans to provide such continuing coverage and also to notify their covered employees of their election right under the Act. *Id.* The notice requirements are found in section 1166. In the event of termination of a covered employee, an employer must notify the administrator of the group health plan within thirty days of the termination. 29 U.S.C. § 1166(a)(1). The plan administrator, in turn, must notify the covered employee within fourteen days of his right to continuation of coverage.

The plaintiff alleges that following her termination from the Hay Adams Hotel, she never received notification, of any kind, regarding her right to continuing health care coverage under COBRA. Defendant Hay Adams claims that it fulfilled its notice obligation by twice mailing notification forms to plaintiff's last known address within the forty-four day period authorized by the statute.[5] Penn General claims that it did not owe the plaintiff any notice obligation under COBRA or ERISA because it was merely a third-party service provider.

---

**4.** The plaintiff's bare allegation that Ms. Wood's "nonfeasance or misfeasance with respect to the [sic] her prior employer's group health plan casts serious doubts on her alleged efficiency in handling of the plaintiff's COBRA notices", does not constitute a specific fact creating a genuine dispute. *See* Plaintiff's Opposition to Defendants' Motions for Summary Judgment and Motion to Stay Discovery, at 10. Even if true, the occurrence would not be relevant to the question of whether or not Ms. Wood sent COBRA notices to the plaintiff.

**5.** Defendant Hay Adams argues that where, as here, the employer is also the plan administrator, the employer has a total of forty-four days from termination, to notify the terminated employee of his continuation coverage rights. (Thirty days for the employer to notify the administrator, plus fourteen days for the administrator to notify the employee.) Because the Court finds that the Hay Adams sent the first COBRA notice within 14 days of the plaintiff's termination, the Court need not decide this question.

### 1. Defendant Penn General

At the time the plaintiff was terminated by the Hay Adams, Pacific Holding had ceased to serve as a sponsor of the Hay Adams Group Health Plan. Consequently, defendant Penn General no longer had any relationship with the plaintiff's group health plan. Penn General, therefore, cannot be held legally liable for any alleged failure to provide plaintiff with COBRA notification upon her termination of employment.[6]

Furthermore, the undisputed facts show that, pursuant to the terms of the Hay Adams Group Health Plan, the administrator of the plan was the Hay Adams, not Penn General. Penn General's only role in connection with the plan was to provide certain administrative services to Pacific Holding. Thus, defendant Penn General does not owe the plaintiff notice under title 29, United States Code, section 1166(a) which places notice obligations only on the administrator of a group health plan. Summary Judgment is granted for defendant Penn General on this issue.

### 2. Defendant Hay Adams

Defendant Hay Adams argues that the January 23rd notice and the later follow-up letter it sent to the plaintiff after her termination on January 15, 1990, fulfill its notice obligation under title 29, United States Code, section 1166(a)(4). The defendant points out that correspondence which is addressed and mailed properly, is presumed to have been received. *Legille v. Dann,* 544 F.2d 1 (D.C.Cir.1976). Citing *Meckel v. Continental Resources Co.,* 758 F.2d 811, 817 (2d Cir.1985), defendant argues that the plaintiff's allegation that she never received the letters is not sufficient to rebut the presumption of receipt.

The plaintiff responds that in this case the presumption of receipt is rebutted not only by plaintiff's assertion that she did not receive the notices, but also by the fact that the defendant addressed the notices incorrectly. Ms. Wood states in her affidavit that the notices were sent to the plaintiff's last known address. That address, 4401 Clermont Drive, Washington, D.C. 20011, was provided by the plaintiff on her employment application and again on an employee data card after the plaintiff was hired. Ms. Truesdale now claims that her complete address is 4401 Clermont Drive, N.E., # 322, Washington, D.C. 20011. She argues that a presumption of receipt cannot apply where the notices were not mailed with her complete address.

But the plaintiff is seeking to benefit from her own error. At no time before the filing of this lawsuit, did the plaintiff ever indicate to the Hay Adams that her address had changed or that the address the hotel had on file was incorrect or incomplete. She now cannot hold the defendant liable for her own omissions.

The plaintiff's argument is undercut further by the plaintiff's admission that she has received other mail from defendant Hay Adams, including such important documents as W–2 forms, addressed in the same manner as the notices. This admission highlights the fact that defendant Hay Adams had no knowledge that the address in plaintiff's personnel file was incomplete.

In effect, the plaintiff's argument would require employers to warrant receipt of COBRA notices. If employers were not allowed to rely in good faith on the information provided by their employees, they would be forced to confirm receipt of what they believed to be properly mailed notices. COBRA imposes no such obligation. An employer or plan administrator who sends proper notice by first class mail to the covered employee's last known address is deemed to be in good faith compliance.[7]

---

**6.** Although the plaintiff includes Penn General as a defendant in the COBRA count of her complaint, she implicitly recognizes that Penn General has no legal liability on this count in her opposition to defendants' motions, in which she opposes summary judgment only as to defendant Hay Adams.

**7.** The plaintiff places undue reliance on her argument that she has rebutted the presumption of receipt. The factual question of whether or not the plaintiff actually received either COBRA notice sent by defendant Hay Adams is not at issue. The presumption is pertinent in this case only to the extent that Hay Adams can be said to have enjoyed a presumption of receipt when it

H.R.Rep. No. 453, 99th Cong., 1st Sess. 653 (1985); ERISA Technical Release No. 86-2.

The Court finds that defendant Hay Adams complied in good faith with its notice obligations under title 29, United States Code, section 1166(a)(4). Accordingly, the Court grants defendant Hay Adams' summary judgment motion on this issue.

### 3. ERISA Fiduciary Duty

The plaintiff has raised a claim that the defendants' failure to fulfill their notice obligation under COBRA also resulted in a breach of their respective fiduciary duties under ERISA. The Court's findings that neither defendant violated COBRA, eliminates the grounds for the plaintiff's claims under ERISA. Accordingly, summary judgment is granted in favor of both defendants on this issue.

### B. COMMENCEMENT NOTIFICATION UNDER SECTION 1166(a)(1)

[3] As the Court stated previously, counsel for Ms. Truesdale indicated at the motions hearing, the plaintiff's intent to file a motion to amend the complaint to include the plaintiff's commencement notice claims. In their reply memoranda, both defendants suggest that plaintiff's commencement claims should be dismissed on procedural grounds, arguing that the new cause of action cannot be raised for the first time in an opposition to summary judgment.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by leave of Court, which shall be given freely when justice so requires. While the defendants are correct that plaintiff's commencement claims should have been raised in the original complaint, the Court finds that defendants are not prejudiced by allowing the claims to be introduced now. If this case were to proceed further, the parties would be only in the initial stages of discovery. It is in the interests of efficiency and justice to the parties to allow plaintiff to raise her commencement claims. Therefore, the Court shall treat plaintiff's

counsel's statements at the motions hearing as an oral motion to amend plaintiff's complaint and grant the motion.

■ However, the Court finds summary judgment is appropriate as to the plaintiff's commencement claims also.

In addition to the notice requirements discussed above, title 29, United States Code, Section 1166(a)(1) also requires a group health plan to provide written notice to covered employees of their rights to continuation of health care coverage at the commencement of coverage under the plan. Section 1167(1) defines broadly the term "group health plan" as an employee welfare benefit plan providing medical care ... to participants or beneficiaries directly or through insurance, reimbursement, or otherwise."

It is clear that under this definition of a group health plan, the plaintiff's coverage by the Hay Adams Plan commenced when she was hired by the hotel on July 26, 1988. The plaintiff remained covered continuously by the plan until January 15, 1990, the day her employment was terminated. Under Section 1166(a)(1), only defendant Hay Adams, as sponsor and administrator of the group health plan, was required to provide commencement notice to the plaintiff. The Hay Adams fulfilled its obligation when it had Ms. Truesdale read and sign a notification form on the first day of her employment.

The plaintiff's claim that she should have received additional COBRA notices when the Hay Adams switched plans first, to Penn General via Pacific Holding as sponsor, then to the GWUHP, is without merit. Neither switch created a new group health plan triggering the notice requirement. Defendant Penn General's only connection with the plan was as a third-party service provider. It contracted with Pacific Holding, in an agreement apparently executed prior to the plaintiff's employment at the Hay Adams, to provide certain administrative services for the Hay Adams Plan. On

---

sent the notices to an address provided by the plaintiff, that it believed was a complete and correct, having no reason to believe otherwise.

Thus, the presumption is merely evidence that defendant Hay Adams fulfilled, in good faith, its notice obligations under section 1166(a)(4).

December 31, 1989, Pacific Holding's sponsorship of the Hay Adams Plan ended. Starting the next day, GWUHP took over sponsorship of the plan. This change did not result in the abolition of the Hay Adams Plan and the creation of a brand new group health plan for Hay Adams employees. Rather, the change was a conversion in the method of financing the plan from an indemnity system to a pre-paid health maintenance organization. This switch in sponsors did not create a new "group health plan" under COBRA. Therefore, the switch created no new notice obligation.

Consequently, this Court grants summary judgment in favor of the defendants on the issue of plaintiff's commencement notice.

Summary judgment having been granted for the defendants on each of the claims raised in plaintiff's complaint, the Court dismisses the case.