CHARLES O. HILER & SONS, INC., an Indiana Corporation, Appellant–Defendant Below,

v.

Mildred Jean COLE, Appellee–Plaintiff Below.

No. 71A03–9209–CV–291.

Court of Appeals of Indiana, Third District.

Dec. 30, 1992.

Edward L. Volk, Christine A. Sulewski, Newby, Lewis, Kaminski & Jones, LaPorte, for appellant-defendant.

Fred R. Jones, Jones, Huff & Palmer, Plymouth, for appellee-plaintiff.

STATON, Judge.

Mildred J. Cole ("Mildred") brought an action to recover damages[1] from her former husband's employer, Charles O. Hiler & Sons, Inc., for its alleged failure in 1989 to provide her with written notice of the rights provided under Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985 (29 U.S.C.A. § 1161–1168 (West Supp. 1992)).[2] The facts are not disputed. Hiler appeals the trial court's denial of its motion for summary judgment and the granting of Mildred's cross-motion for summary judgment. Hiler presents one issue for our review which we restate as follows:

I. Whether an employer's decision to change from one insurance carrier to another insurance carrier creates a "new" group health plan which requires that COBRA commencement of coverage notice be given.

We reverse and remand.

---

**1.** These damages occurred when she received medical care without effective health insurance.

**2.** The St. Joseph County Circuit Court properly had jurisdiction to resolve this claim based on 29 U.S.C.S. § 1132(a)(1)(B) and § 1132(e) Law Co-op. (1990).

On August 10, 1956, Edgar and Mildred Cole were married. On October 8, 1987, Edgar filed a petition for dissolution of marriage. On September 25, 1989, Edgar's petition for dissolution was granted.

Edgar had worked at Hiler for many years and was eligible for Hiler's group health plan. Edgar and Mildred received "family" coverage under the Key Health Insurance Plan ("Key") offered by Hiler. On January 25, 1989, Hiler mailed notice to all employees that on February 28, 1989, Key coverage would be terminated. Because of this termination, Hiler held an open enrollment period for the I.M.A. Travelers' Health Plan ("I.M.A.") .

During the open enrollment period, Edgar met Hiler's personnel manager, who knew Edgar and Mildred were separated. Edgar elected "single" coverage under the I.M.A. plan, rather than "family" coverage. Hiler did not notify Mildred that Edgar had selected single coverage under the I.M.A. plan. On March 1, 1989, because of Edgar's election on the enrollment form, Mildred had no health insurance through Hiler. During the summer and fall of 1989, Mildred incurred medical expenses of $17,146.85.

## I.

### Notice Requirement and Change of Sponsorship

A "group health plan" is broadly defined in 29 U.S.C.A. § 1167(1), and it "means an employee welfare benefit plan providing medical care ... to participants or beneficiaries directly or through insurance, reimbursement, or otherwise." Hiler had a group health plan within the meaning of 29 U.S.C.A. § 1167 which began prior to the change in sponsorship from Key to I.M.A. in 1989.

Notice of the rights under COBRA must be provided in seven circumstances. *See* 29 U.S.C.A. § 1163 and 1166(a)(1). Both parties agree that none of the six qualifying events under 29 U.S.C.A. § 1163 occurred. Mildred asserts 29 U.S.C.A. § 1166(a)(1) required Hiler to send her COBRA notice "at the time of commencement of coverage under the [I.M.A.] plan" on March 1, 1989.[3] However, 29 U.S.C.A. § 1166(a)(1) applies only to the commencement of insurance under a group health plan, and not its continuation. Commencement occurs when an employee becomes eligible for the group health plan or when an employer who had no group health plan begins a group health plan.[4]

The facts here show the continuation of an existing plan. 29 U.S.C.A. § 1162(2)(B) defines the "End of plan" as "[t]he date on which the employer ceases to provide any group health plan to any employee." Hiler never "ceased to provide any group health plan to any employee." Rather, Hiler changed the sponsor of its continuing group health plan from Key to I.M.A. Hiler's continuation of its existing group health plan with a different sponsor was not the commencement of a new group health plan.

In *Truesdale v. Pacific Holding Co./ Hay Adams Div.* 778 F.Supp. 77, 82 (D.D.C.1991), the change in sponsorship of the group health plan did not trigger § 1166(a)(1)'s notice requirement. In *Truesdale,* the employer changed from Penn General Insurance Services, Inc. to the George Washington University Health Plan. This change in sponsorship did not result in the abolition of the existing group health plan and the creation of a new group health plan under COBRA. *Supra,* at 83. We are persuaded by the interpretation in *Truesdale* and the change of sponsorship from Key to I.M.A. did not trigger the

---

**3.** The complete text of 29 U.S.C.A. § 1166(a)(1) is as follows: "[T]he group health plan shall provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee (if any) of the rights provided under this [part]."

**4.** COBRA applied to group health plan years beginning on or after July 1, 1986. In lieu of

the notice required under 29 U.S.C.A. § 1166(a)(1), Congress provided for separate notice to individuals covered under existing group health plans when COBRA was passed. 100 Stat. 231–232, P.L. 99–272 § 10002(d) & (e) (incorporated in notes for 29 U.S.C.A. § 1161 and 29 U.S.C.A. § 1166, respectively).

notice requirement under 29 U.S.C.A. § 1166(a)(1).

When written notice is required under 29 U.S.C.A. § 1166(a)(1), the written notice is to be provided to "each covered employee and spouse of employee (if any) of the rights provided under" COBRA. The parties argue extensively whether "covered" in 29 U.S.C.A. § 1166(a)(1) modifies "employee" alone or "employee" and "spouse". Because our interpretation of "commencement of coverage" indicates notice was not required, we need not address these arguments.

We reverse the granting of Mildred's motion for summary judgment and remand the cause to the trial court with instructions to grant Hiler's motion for summary judgment.

HOFFMAN, and SHIELDS, JJ., concur.