Melissa HOLMES, et al., Plaintiffs,

v.

SCARLET OAKS RETIREMENT
COMMUNITY, et al.,
Defendants.

No. C–1–02–692.

United States District Court,
S.D. Ohio,
Western Division.

July 25, 2003.

William Francis Fitzgerald, Burke Burns Balash & Fitzgerald, Cincinnati, OH, for Plaintiffs.

Anthony Joseph Caruso, Kohnen & Patton–1, Kimberly Ann Zamary, Kohnen & Patton, Cincinnati, OH, for Defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 7) and Defendants' Supplemental

Memorandum in Support (doc. 9). Plaintiffs failed to respond.

## BACKGROUND

This case was filed in the Hamilton County Court of Common Pleas on August 28, 2002 by Plaintiffs Melissa Holmes and her husband, James Holmes (doc. 1). Plaintiffs allege that Defendant Scarlet Oaks Retirement Community, (hereinafter "Scarlet Oaks") wrongfully terminated Melissa Holmes' employment due to her pregnancy (*Id.*). Plaintiffs further allege that Defendants failed to notify Ms. Holmes of her right to continue insurance after her termination, resulting in a loss to exceed $50,000.00, for uninsured medical expenses that accrued (*Id.*). On September 26, 2002, Defendants filed a Notice of Removal (*Id.*), and on May 1, 2003, Defendants filed the present Motion for Summary Judgment (doc. 7).

The facts of the case as recited by Defendants are unrefuted by the lack of response by Plaintiffs. According to Defendants, Ms. Holmes was granted the position of Director of Community Relations in July of 2000 (doc. 7). Scarlet Oaks had newly created the position and placed Ms. Holmes as the first person to fill it (*Id.*). Defendants placed Ms. Holmes on probationary period because she was new to the position (*Id.*). Ms. Holmes attended an orientation program and was given an employee handbook (*Id.*).

According to Defendants, during the probationary period it became clear that Ms. Holmes "did not adequately perform the functions of Director of Community Relations" (*Id.*). Defendants argue that Ms. Holmes was late in completing "daily marketing activity logs, sales logs, discovery agreements and/or written weekly reports," and that she "failed to return pages and telephones calls from her supervisors and failed to properly document expenses for which she claimed reimbursement" (*Id.*). For these reasons, Defendants argue, on September 6, 2000, Scarlet Oaks Retirement Community terminated Ms. Holmes' employment (*Id.*). According to Defendants, at the September 6, 2000 meeting, after Scarlet Oaks Executive Director Nancee Rogers expressed her concerns about Plaintiff Melissa Holmes' job performance, Ms. Holmes announced both that she had planned to quit because her efforts were not appreciated and that she knew she was going to be fired for being pregnant (*Id.*). Ms. Rogers submitted an affidavit that she did not know about Ms. Holmes' pregnancy prior to the September 6, 2000 meeting (*Id.*).

As for Plaintiffs' allegations that Defendants failed to notify Ms. Holmes of her right to continuing health care coverage, Defendants argue that notice was mailed by certified mail to Plaintiffs at their last known address on September 15, 2000 (*Id.*). Defendants state that despite the fact that Plaintiffs resided at such address through 2001, the letter was returned to them, marked "unclaimed" (*Id.*). Defendants argue, therefore, that they satisfied their duty to inform Plaintiffs of their right to continuing health care coverage after termination (*Id.*).

## ANALYSIS

### I. Summary Judgment Standard

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see *Guarino,* 980 F.2d at 405.

As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. *Guarino,* 980 F.2d at 410; *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir. 1991).

## II. Discussion

The Court finds that as Plaintiffs have not responded to Defendants' Motion, it appears that they have conceded there is no genuine issue of material fact to be resolved at trial. Having reviewed this matter, the Court finds that this conclusion is correct.

## A. Plaintiffs' Discrimination Complaint

Plaintiffs bring their discrimination Complaint pursuant to Title VII and Ohio Revised Code Chapter 4112. Under these provisions, Plaintiffs may assert a *prima facie* case through the presentation of either direct or indirect evidence. *Allen v. Ethicon, Inc.,* 919 F.Supp. 1093, 1098 (S.D.Ohio 1996). In many cases, evidence of direct discrimination can be difficult to produce, so the law allows for a plaintiff to raise an inference of discrimination through circumstantial evidence. *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The *prima facie* case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee. *Texas Dep't. Of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the defendant remains silent in

face of the presumption, in the absence of a genuine issue of material fact, Plaintiff would be entitled to summary judgment. The burden shifts to defendant, therefore, to rebut the presumption of discrimination by producing evidence that the plaintiff was terminated, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Id.* The defendant need not persuade the court that it was actually motivated by the proffered reasons. *Id.citing Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978).

It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. *Id.* To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. *Id.* at 255, 101 S.Ct. 1089. The explanation provided must be legally sufficient to justify a judgment for the defendant. *Id.* If the defendant carries this burden of production, the presumption raised by the *prima facie* case is rebutted, and the factual inquiry proceeds to a new level of specificity. *Id.* Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's *prima facie* case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. *Id.* at 255–56, 101 S.Ct. 1089. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions. *Id.* at 256, 101 S.Ct. 1089.

The plaintiff retains the burden of persuasion. *Id.* He now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. *Id.* This burden now merges with the ultimate burden of persuading the court that he has been the victim of intentional discrimination. *Id.* He may succeed in this by showing both that defendant's proffered reasons are factually untrue, and that discrimination was the real reason for the adverse employment action. *Peters v. Lincoln Electric Co.,* 285 F.3d 456, 470 (6th Cir.2002), *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Plaintiff can prove pretext by showing that 1) the articulated reasons are not supported by the facts as revealed by the evidence;· 2) the articulated reason or reasons did not actually motivate the termination; or 3) the articulated reasons were insufficient to warrant the termination. *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir.1994).

In this case, Defendants argue that Plaintiffs' case fails under both the circumstantial and direct evidence theories. The Court finds, as explained below, that Plaintiffs have indeed failed to provide direct evidence of discrimination or to meet the *McDonnell Douglas* requirements in order to raise an inference of discrimination.

### 1. Direct Evidence Theory

■ The *McDonnell Douglas* test was designed to aid in the discovery of discrimination where only circumstantial evidence is available. In the case that direct evidence is available, such proof of discrimination does not merely fulfill the plaintiff's burden of showing a *prima facie* case, it suffices to make the entire case and throws the burden on the defendant of proving, at least by a preponderance of the evidence, that discrimination did not occur. *Brown v. East Miss. Elec. Power Ass'n,* 989 F.2d 858, *reh'g denied,* 995 F.2d 225 (5th Cir.1993). Prior to the Civil Rights Act of 1991, the defendant employer in such a case could completely avoid liability by proving that the same decision would have been made absent the discrimination.

*See e.g., Brown v. Trustees of Boston Univ.*, 891 F.2d 337 (1st Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). However, since the legislative change, the employer, by proving the same decision would have been made absent discrimination, may now avoid liability for certain remedies, including damages, orders of reinstatement, promotion, or hire, but may still be subject to forms of equitable relief. Title VII, § 706(g)(2)(b), 42 U.S.C. § 2000e–5(g)(2)(b), *as amended by* the Civil Rights Act of 1991, Pub.L. No. 102–166, § 107(a).

■ Although Plaintiffs failed to respond to Defendants' Motion for Summary Judgment, under Rule 56, the Court must examine, among other documents, the pleadings and affidavits on file. Having conducted such review, the Court finds that Plaintiffs' Complaint and the affidavit of Ms. Holmes raise evidence that appears at first blush to arguably raise direct evidence of discrimination. Both present a slightly differing quote of supervisor Ms. Rogers to the effect that Ms. Holmes was being terminated because Defendants could not afford to pay her while on leave. The Complaint states that Ms. Rogers stated that such leave was "maternity leave," while Ms. Holmes' affidavit was less precise. According to Ms. Holmes' affidavit, on September 6, 2000, Ms. Rogers stated, "We cannot afford to pay you if you are on leave or can't be here everyday

so we are term[inating you] as of right now" (doc. 7).

Direct evidence is evidence, which if believed, proves existence of the fact in issue without inference or presumption. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir.1987) (citing Black's Law Dictionary 413 (5th ed.1979)). In this case, the statement in Ms. Holmes' affidavit requires one to make the inference that Ms. Rogers was referring to maternity leave, as opposed to other sorts of leave that Ms. Rogers might have requested. Such a reading requires the presumption that Ms. Rogers knew that Plaintiff was pregnant, knowledge that Ms. Rogers denies having until after the decision to terminate Ms. Holmes had already been made. There is no other evidence in the record, aside from the Complaint which appears to have been a misquote of the language of the affidavit, that proves discrimination without inference or presumption. Consequently, there is no evidence of direct discrimination in this case.[1]

## 2. Indirect Evidence Theory

The Court finds well-taken Defendants' argument that Plaintiffs have not satisfied the showing required to meet the indirect evidence *prima facie* case. Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff may establish a *prima facie* case of discrimination by showing

---

1. Assuming that Ms. Rogers' comment could be considered direct evidence to establish that Ms. Holmes' pregnancy was a substantial or motivating factor in the decision to terminate her, under a mixed motive analysis, the record provides ample, unrefuted evidence that Defendants would have made the same decision in the absence of any such consideration of pregnancy. Although "mixed motives" situations are not ordinarily grist for the summary judgment mill. *See Burns v. Gadsden State Community College*, 908 F.2d 1512, 1519 (11th Cir.1990), summary judgment can

be warranted where there is no genuine issue of fact that the employer would have made the same decision even absent the discriminatory motive. The party opposing summary judgment bears the burden of coming forward with evidence suggesting the presence of a disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiffs in this case offered no evidence to genuinely dispute Defendants' argument that her work performance was poor.

that (1) she is a member of the protected class; (2) she suffered an adverse employment action; (3) she was qualified; and (4) she was replaced by or treated less favorably than similarly-situated non-protected class members. In this case, Defendants argue that Ms. Holmes has admitted there were no other employees similarly-situated, so she cannot meet the fourth prong of the *McDonnell Douglas* framework (doc. 7). Similarly, Plaintiffs have offered no evidence that Ms. Holmes was replaced by a non-protected class member, in this case, a non-pregnant person (*Id.*).

The Court finds Defendants' position well-taken. Even assuming that Plaintiffs had established a *prima facie* case through the presentation of circumstantial evidence, they failed to challenge as pretextual Defendants' proffer of a legitimate nondiscriminatory reason, her poor work performance, as a justification for the termination. *Texas Dep't. Of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiffs have neither shown that Defendants' proffered reasons are factually untrue nor that discrimination was the real reason for her termination. *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 470 (6th Cir.2002), *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Consequently, summary judgment is appropriate for Defendants.

### B. Plaintiffs' Insurance Complaint

In addition to their discrimination complaint, Plaintiffs allege that Defendants failed to notify Ms. Holmes of her right to continue medical insurance after her termination (doc. 1). Plaintiffs argue that therefore Ms. Holmes was uninsured at the time of the birth of her child, which due to complications resulted in medical bills exceeding $50,000 (*Id.*).

As Defendants correctly state in their Motion, the federal law commonly known as "COBRA" requires that employees who lose health care coverage due to their termination must be offered the right to continue coverage under their employer's health care plan for a designated time period (doc. 7) (*citing* 29 U.S.C. § 1161 *et seq.*). Employers must notify the health care plan administrator of the employee's termination or other qualifying event within thirty days of such event. 29 U.S.C. § 1166(a)(2). The group health care plan must then notify the employee of her rights to continuation of coverage. 29 U.S.C. § 1166(a)(1).

In this case, Defendants have proffered evidence that they notified the health care plan, and that the health care plan sent notice to Ms. Holmes, via certified mail, to their home address (doc. 7). The letter was returned "unclaimed" (*Id.*). Defendants argue that the extent of their duty under the law is satisfied by sending the required notice to the employee's last known address by first class mail, a requirement that they exceeded by sending the notice via certified mail (*Id.*).

The Court finds Defendants' position on this issue well-taken. A number of courts have found that an employer's notice obligation is satisfied by sending the required notice by first class mail. *See Holford v. Exhibit Design Consultants*, 218 F.Supp.2d 901, 906 (W.D.Mich.2002) *citing Torres–Negron v. Ramallo Bros. Printing, Inc.*, 203 F.Supp.2d 120, 124–25 (D.P.R. 2002) *citing Myers v. King's Daughters Clinic*, 912 F.Supp. 233, 236 (W.D.Tex.) *aff'd* 96 F.3d 1445 (5th Cir.1996) (*citing Truesdale v. Pacific Holding Co./Hay Adams Div.*, 778 F.Supp. 77, 81–82 (D.D.C. 1991)), *see also Bryant v. Food Lion, Inc.*, 100 F.Supp.2d 346 (D.S.C.2000). In this case Defendants have shown they complied with the requirements of COBRA; Plaintiffs have not presented any evidence to the contrary. The Court grants Defen-

dants judgment as a matter of law on this claim.

### C. Defendants' Challenges to James Holmes' Loss of Consortium Claim and Plaintiffs' Request for Punitive Damages

As a final matter, Defendants challenge the loss of consortium claim raised by James Holmes, arguing that such claim is derivative of her discrimination claims which have no merit (doc. 7). Defendants also challenge Plaintiffs' request for punitive damages.

The Court finds that because it is granting summary judgment on Plaintiffs' claims it is unnecessary to address the substance of James Holmes' derivative claim for loss of consortium. Defendants' request concerning punitive damages is likewise rendered irrelevant by the dismissal of Plaintiffs' claims.

### CONCLUSION

The Court finds Plaintiffs' pregnancy discrimination claim is not supported and fails as a matter of law. Defendants have successfully demonstrated a legitimate non-discriminatory reason for terminating Ms. Holmes, her poor performance, which Plaintiffs have failed to challenge.

Plaintiffs' claim that they are entitled to damages for lack of COBRA notification fails as Defendants have proffered evidence demonstrating compliance with the law. Finally, James Holmes' derivative claims are all dismissed.

Accordingly, Defendants' Motion for Summary Judgment (doc. 7) is GRANTED and this matter is dismissed with prejudice.

SO ORDERED.