For the foregoing reasons, it is ORDERED that defendants' Motion for Summary Judgment, based on Fed.R.Civ.P. 56(c), be DENIED.

Bettie D. CHRISTIAN, Plaintiff,

v.

DUPONT–WAYNESBORO HEALTH CARE COVERAGE PLAN, Defendants.

No. CIV.A. 96–0011–H.

United States District Court, W.D. Virginia. Harrisonburg Division.

June 18, 1998.

John Forester Taylor, Staunton, VA, Douglas M. Coleman, Carter & Coleman, Jacqueline E. Bennett, Carter & Coleman, Alexandria, VA, for Bettie D. Christian, plaintiff.

Patricia K. Epps, Michael P. Oates, Hunton & Williams, Richmond, VA, for Dupont–Waynesboro Health Care Coverage Plan, defendants.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

### BACKGROUND

On March 18, 1996 Bettie Christian brought an action against Dupont–Waynesboro Health Care Coverage Plan (the plan) charging a violation of the Employee Retirement Income Security Act ("ERISA") for failure to issue a notice of denial of benefits that specified reasons for the denial of medical benefits as required by 29 U.S.C. § 1133 (Count I) and seeking a declaratory judgment under 29 U.S.C. § 1132 that medical treatment received by the plaintiff was medically necessary under the Plan (Count II). This court found that the notice of denial of benefits sent from the Plan Administrator to plaintiff was insufficient as a matter of law because it failed to meet the requirements of 29 U.S.C. § 1133 that the Plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." The court then remanded the matter to the Plan Administrator to correct the procedural deficiencies in the notice of denial of benefits and address the plaintiff's request for benefits. The plaintiff is currently before the court seeking attorney's fees and costs under 29 U.S.C. § 1132(g).

The court has considered carefully the file, the pleadings, and the law. It has conducted a *de novo* review of the analysis and conclusions of the magistrate judge. *Orpiano v. Johnson,* 687 F.2d 44, 48 (4th Cir.1982). For the reasons set out below, the court adopts the report and recommendation of the magistrate judge with respect to his recommendation to award attorney's fees and costs.

## DISCUSSION

ERISA gives the district court discretion to award reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1); *Custer v. Pan American Life Insurance Company*, 12 F.3d 410 (4th Cir.1993) ("An award of attorney's fees under ERISA is discretionary, and our review of the district court's exercise of discretion is limited to determining whether it abused its discretion."). To recover fees and costs, Ms. Christian must first establish that she is the "prevailing party" in this litigation. *Martin v. Blue Cross & Blue Shield of Va.*, 115 F.3d 1201, 1210 (4th Cir. 1997). The rule that only a "prevailing party" may obtain attorney's fees in an ERISA action is a relatively new approach in this circuit. The Fourth Circuit has not yet had occasion to consider what constitutes a "prevailing party" where a litigant brings multiple claims and is successful on one, but not on the other(s).

The defendant argues that Ms. Christian can only be a "prevailing party" if she had prevailed on both of her claims and that because Ms. Christian's claims for benefits has yet to be resolved, it is premature to award attorney's fees. The plan's argument is premised on the assertion that the primary goal of Ms. Christian's claim was to obtain the requested benefits. This approach ignores the important role that procedural protections play in ERISA's effectiveness. Without a specific letter detailing the plan's reasons for denying coverage, Ms. Christian cannot know what protections may be afforded by ERISA nor can she know what course of action to pursue.

Though factually different, this court finds the Fourth Circuit's decision in *Davis v. Featherstone* instructive. 97 F.3d 734 (4th Cir.1996). In *Davis*, the plaintiff sought injunctive relief in order to obtain a detailed copy of his former employer's disability plan pursuant to 29 U.S.C. § 1024(b)(4). As is the case with § 1133 (requiring a detailed notice of denial of benefits), § 1024 is a safeguard that in part permits a plan member to determine what course of action to take after denial of benefits. In reviewing the district court's denial of attorneys' fees, the circuit court noted that it was necessary for Davis to engage counsel in order to avail himself of this procedural ERISA provision and then instructed the district court on remand to reconsider the imposition of attorney's fees. *Id.* 97 F.3d at 739. The defendant attempts to distinguish *Davis* from the instant cause of action by arguing that Davis only sought injunctive relief and did not ask the court to award him benefits. To adopt the defendant's approach would produce an anomalous result. Those litigants who bring two separate actions—one under ERISA's procedural provisions and a second to obtain benefits—would be eligible, if they prevailed, to collect fees at the conclusion of each suit. Conversely, those litigants who consolidate their procedural and substantive claims would risk having to wait what would often be a considerable period of time before becoming eligible to collect fees.

Ms. Christian was compelled to bring suit against the defendant in order to obtain a detailed notice of denial as required by 29 U.S.C. § 1133. Denial of this important procedural safeguard presented a significant issue and Ms. Christian's success achieved some of the benefit sought in bringing suit. The fact that this court remanded the plaintiff's request for benefits does not prohibit her status as a "prevailing party."

Having determined that Ms. Christian is a "prevailing party," this court must now consider whether to grant Ms. Christian's request for attorney's fees and costs. The Fourth Circuit has established a five-factor test for awarding fees under ERISA. *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1030 (4th Cir.1993). The district court must consider:

(1) the degree of the opposing party's culpability or bad faith;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;

(4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA;

(5) the relative merits of the parties' positions.

*Id.*

As to the first factor, though this court does not find that the defendant acted in bad faith in failing to issue a notice of denial of benefits, in assessing the defendant's culpability it is important to note that the plaintiff was unable to obtain the notice due her without first commencing suit. As to the second factor, the record indicates that the defendant has the ability to satisfy an award of fees. As to factor number three, imposing the award will send a message to other plans that they cannot ignore ERISA's procedural safeguards. The fourth factor applies to the instant case in two somewhat related respects. There is no controlling precedent in this circuit concerning the availability of attorney's fees to parties who prevail on one ERISA-based procedural claim while a benefit claim remains undecided. Raising this legal issue presented the court with an opportunity to resolve this legal issue by emphasizing the importance of ERISA's procedural safeguards and this benefits all participants and beneficiaries of the plan. As to the fifth factor, this court has previously determined that at least one important claim made by the plaintiff's has merit. In sum, application of the *Quesinberry* factors points persuasively to the conclusion that an attorney's fees award is justified.

■ Though ERISA gives the court discretion to award attorney's fees, those fees must be reasonable. 29 U.S.C. § 1132(g)(1). Determining which fees Ms. Christian should be awarded based on her claim that the defendant failed to give her proper notice of a benefits denial is not simple. The Supreme Court has advised that "district courts should exercise their equitable discretion...to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Ms. Christian was not successful on both claims she brought before the court. She was successful only on the first count alleging that the defendant failed to provide proper notice of denial. She obtained a remand on the second count seeking a reversal of the plan's decision not to award the requested benefits. Given the plaintiff's success in relation to the relief sought, the court finds that she achieved one-half of the requested relief. Accordingly, Ms. Christian is entitled to one-half of her attorney's fees. See *Perlman v. Swiss Bank Corp.,* 990 F.Supp. 1039 (N.D.Ill.1998) (finding that a plaintiff who was successful on only one of three aspects of relief sought was entitled to one-third of requested fees); *Stanton v. Larry Fowler Trucking, Inc.,* 863 F.Supp. 908 (E.D.Ark. 1994).

A determination of reasonable attorney's fees requires a calculation of the "lodestar." The lodestar is the product of an attorney's reasonable hourly rate and the number of hours reasonably expended. Three lawyers worked on behalf of Ms. Christian. Mr. Coleman billed his time at $150.00 per hour and billed Ms. Bennett's time at $125.00 per hour. Mr. Taylor's rate is $100.00 per hour. Mr. Coleman expended 45.9 hours, Ms. Bennett 54.8 hours, and Mr. Taylor 33.5 hours. It is not unusual to bill considerable hours and perform significant research in a case of this complexity. This court finds these rates and the hours spent on behalf of Ms. Christian reasonable. The lodestar fee in its entirety is $16,597.00. One half of this amount is $8298.50. The plaintiff's request for $222.92 in costs is clearly reasonable.

In sum, Ms. Christian is entitled to one-half of her attorney's fees, $8298.50, and costs in the amount of $222.92 for a total of $8521.42.

An appropriate order this day shall issue.

### ORDER

After a careful review of the record in this case and for the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

as follows:

**539**

1. That the court shall, and hereby does, ADOPT the April 1, 1998 Report and Recommendation and the April 14, 1998 Supplemental Report & Recommendation of the Magistrate Judge with respect to the award of attorneys' fees and costs;

2. That plaintiff's attorneys' fees yielding a lodestar fee of $8521.42 and costs in the amount of $222.92 shall be, and hereby is, GRANTED;

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Magistrate Judge Crigler.