Reversed by Supreme Court, May 24, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1896**

BRIDGET HARDT,

Plaintiff – Appellee,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant – Appellant,

and

DAN RIVER GROUP LONG–TERM DISABILITY PLAN,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (2:07-cv-00105-JBF-JEB)

Argued:  March 25, 2009                  Decided:  July 14, 2009

Before WILLIAMS, Chief Judge,[1] WILKINSON, Circuit Judge, and David A. FABER, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

---

[1] Chief Judge Williams heard oral argument in this case but did not participate in the decision.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

—————

Vacated by unpublished per curiam opinion.

—————

**ARGUED:** Joshua Bachrach, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, Philadelphia, Pennsylvania, for Appellant. Ann Sullivan, CRENSHAW, WARE & MARTIN, PLC, Norfolk, Virginia, for Appellee. **ON BRIEF:** Elaine Kathryn Inman, CRENSHAW, WARE & MARTIN, PLC, Norfolk, Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reliance Standard Life Insurance Company ("Reliance") appeals an award of attorney's fees to Bridget Hardt, arguing that the district court's remand of Hardt's claim for long-term disability benefits to Reliance for additional consideration did not make Hardt a prevailing party for purposes of an attorney's fees award. We agree, and for the reasons below, we vacate the award of attorney's fees to Hardt.

I.

In 2000, Hardt was employed as an executive assistant to the president of Dan River Inc., a textile manufacturer. During that year, Hardt began experiencing pain in her neck and shoulders; she was diagnosed with carpal tunnel syndrome ("CTS") and underwent surgery on both of her wrists. Hardt continued experiencing pain, however, and stopped working on January 23, 2003.

In August 2003, Hardt requested that Reliance pay her long-term disability benefits pursuant to Dan River Inc.'s Group Long-Term Disability Insurance Program Plan ("the Plan"). Pursuant to the terms of the Plan, Dan River administers the Plan, but Reliance underwrites the Plan and decides whether a particular individual is entitled to benefits. In response to Hardt's request, Reliance notified Hardt that she was required

3

to submit to a functional capacities evaluation ("FCE") and granted her a provisional approval.

Hand Rehabilitation of Hampton Roads administered the FCE to Hardt in October 2003. The evaluator concluded that Hardt suffered the following major limitations: neck and upper extremity pain, decreased right hand dexterity and strength, restricted overhead reach, a restricted ability to squat and kneel, the inability to crawl or to climb ladders, and decreased lift, carrying, and push and pull capabilities. In December 2003, Reliance denied Hardt's claim, concluding that she did not meet the Plan's definition of total disability. Pursuant to the terms of the Plan, Hardt appealed this decision, and Reliance reversed its original decision so that Hardt ultimately received temporary disability benefits for twenty-four months.

In the meantime, Hardt was also diagnosed with hereditary small-fiber neuropathy,[2] and her pain became worse over the following months. In addition to other symptoms, Hardt experienced burning sensations in her feet and pain in her calves, making walking difficult.

---

[2] Small-fiber neuropathy is a disorder involving small sensory cutaneous nerves. Symptoms include tingling; numbness; burning pain or extreme coldness; brief, painful sensations; and loss of temperature sensation.

4

Hardt applied to the Social Security Administration ("SSA") for disability insurance benefits and submitted two questionnaires completed by her treating physicians that concluded she could not return to her prior position or other sedentary positions because of her neuropathy and other maladies. The SSA found that Hardt was "disabled" under the Social Security Act because she was unable to return to her former employment or make an adjustment to perform other work.

A few months later, Reliance notified Hardt that her benefits would expire at the end of the twenty-four month period. The Plan provided benefits after twenty-four months only to individuals totally disabled from all occupations. Reliance, having reviewed the medical documentation in Hardt's file and a Residual Employability Analysis that found she had several employment opportunities still available, found that Hardt was not totally disabled under the Plan.

Hardt again appealed this denial of her claim to Reliance and, in support of her claim, submitted her medical records, the SSA questionnaires completed by her treating physicians, and an updated questionnaire from one of those physicians that again opined Hardt would be unable to maintain a job. Reliance requested that Hardt complete an updated FCE before making a final decision on her claim, but did not request that the testing company review Hardt for neuropathic pain.

Hardt underwent the updated FCE on December 29, 2005 and a second updated FCE on January 26, 2006, but the results of both examinations were considered invalid by the examiners because Hardt's effort was submaximal. Specifically, one examiner noted that Hardt "refused multiple tests . . . for fear of nausea/illness/further pain complaints." (J.A. at 475.)

Reliance then hired Dr. Michael Leibowitz, who reviewed only some of Hardt's medical records. In his report, Dr. Leibowitz does not mention any of the pain medications Hardt was taking or the treating physicians' questionnaires. Dr. Leibowitz ultimately concluded that Hardt's health was expected to improve. Reliance also hired a vocational rehabilitation counselor to determine if any jobs existed that Hardt could perform. That labor market study identified eight employment opportunities suitable for Hardt, but the study was based on Hardt's health in 2003.

On March 27, 2006, Reliance advised Hardt that, based on its review of her file, she was still ineligible to receive long-term disability benefits. Reliance's decision was based on the FCEs, Dr. Leibowitz's report, and the labor market study.

Hardt exhausted her administrative remedies and filed a complaint in the United States District Court for the Eastern District of Virginia, alleging that Reliance violated ERISA by wrongfully denying her long-term disability benefits. The

district court denied both parties' motions for summary judgment, but remanded Hardt's claim to Reliance Standard for reconsideration. In remanding Hardt's claim, the district court stated that if Reliance did not adequately consider all of the evidence discussed in its opinion within 30 days of the date the opinion was issued, "judgment will be issued in favor of Ms. Hardt." (J.A. at 65.)

On remand, Hardt provided additional medical records to Reliance for its consideration, and Reliance ultimately reversed its earlier decision and awarded Hardt full long-term disability benefits until her sixty-sixth birthday, as well as retroactive benefits for the time already elapsed. Hardt then filed a motion for attorney's fees and costs in the district court based upon her status as the prevailing party.[3] See 29 U.S.C.A. § 1132(g)(1) (West 2009) (providing that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.). The district court granted her motion on August 7, 2008, concluding that "the court sanctioned a material change in the legal relationship of the parties by

---

[3] This case was originally heard by the Honorable Walter D. Kelley, who remanded the case back to Reliance for reconsideration, and who resigned effective May 16, 2008. Upon Judge Kelley's resignation, the case was transferred to the Honorable Jerome B. Friedman, who heard and ruled upon Hardt's motion for attorney's fees.

ordering [Reliance] to conduct the type of review to which [Hardt] was entitled," and that because, "on remand, [Hardt] received precisely the benefits she had sought, she meets the definition of a 'prevailing party' and is eligible for an award of attorneys' fees." (J.A. at 79.) The district court thus awarded Hardt $39,149.00 in fees, and Reliance timely appealed. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 2006).

## II.

We review de novo the district court's determination that Hardt was a "prevailing party" for purposes of awarding attorney's fees. See Goldstein v. Moatz, 445 F.3d 747, 751 (4th Cir. 2006) (performing de novo review of whether applicant for attorney's fees was a prevailing party under EAJA).[4]

### A.

It is well settled that "only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action." Martin v. Blue Cross & Blue Shield of Va., Inc., 115 F.3d 1201, 1210 (4th Cir. 1997). To be a prevailing party, "a plaintiff [must] receive at least some relief on the merits of

---

[4] Fee-shifting provisions are generally interpreted consistently. See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 n.4 (2001), and Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 440, 454 (4th Cir. 2004) (applying Buckhannon to ERISA claims).

his [or her] claim." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)). "[E]ven an award of nominal damages suffices under this test." Id. at 604. The Supreme Court has, however, established a bright-line boundary on what constitutes "relief on the merits" of a particular claim: only "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." Buckhannon, 532 U.S. at 604 (internal quotation marks omitted).

In Goldstein, we clarified this Buckhannon standard by holding that there is no exception for "tactical mooting" - the situation where a defendant chooses to settle rather than risk an award of attorney's fees. Goldstein, 445 F.3d at 752. Although Buckhannon does not specifically address tactical mooting, we explained in Goldstein that "[t]he Supreme Court in Buckhannon . . . did not leave the door ajar for an inferior court to engraft a broad tactical mooting exception onto its ruling . . . [and the Court instead] concluded that tactical mooting concerns are simply insufficient to overcome the statutory requirement that a party applying for a fees and costs award must first have been accorded some relief in the district court." Id. In Goldstein, however, we left open the question of "whether there is an exception to the Buckhannon rule where a

9

defendant has agreed to provide the relief requested in response to an affirmative indication by the presiding court that the plaintiff is about to prevail." Id.

In this case, the district court determined that Hardt was a prevailing party based upon a previous remand order. That order denied both cross-motions for summary judgment but required Reliance to reconsider Hardt's claim within 30 days and stated that if Reliance did not comply, "judgment will be issued in favor of Ms. Hardt." (J.A. at 65.) Although the district court, reviewing the earlier remand order, noted that at the time the case was remanded, it had been "inclined to reserve judgment and permit [Reliance] to conduct a proper review of all of the medical evidence" and explained that "[h]ad [Reliance] completed its review in the manner ordered by the court and in the prescribed time period, and again determined that [Hardt] was not eligible for benefits, it is certainly possible that the court would have found the result satisfactory," (J.A. at 77), the district court found Hardt to be a prevailing party because, "on remand, [Hardt] received precisely the benefits she had sought," (J.A. at 79). As the district court explained, "[t]he defendant, under threat of judgment against it, reversed its decision and chose to award the plaintiff the precise relief she was seeking." (J.A. at 77.) In the district court's view, this

10

"[c]learly" constituted "judicially sanctioned relief." (J.A. at 77.)

B.

On appeal, Reliance contends that, at best, this is a case of "tactical mooting" and that there was no enforceable judgment on the merits or judicially sanctioned relief. We agree. Hardt's case presents a set of circumstances that, like those presented in Goldstein, are "simply insufficient to overcome the statutory requirement that a party applying for a fees and costs award must first have been accorded some relief in the district court." Goldstein, 445 F.3d at 752.

Hardt attempts to fit her case within the question we left open in Goldstein, but that opening provides her no relief. Hardt's case simply does not present the type of affirmative indication contemplated by Goldstein. On remand, the district court required Reliance to provide Hardt with an appropriate review of her claim; it gave no indication that Hardt was "about to prevail." Id. Had Reliance continued to refuse Hardt complete disability benefits after further review, Hardt would have had the opportunity to bring the decision back before the district court, at which time the court could rule on the merits of the claim. Because it did not require Reliance to award benefits to Hardt, however, the remand does not constitute an

11

"enforceable judgment[] on the merits" as <u>Buckhannon</u> requires. 532 U.S. at 604.

To avoid this result, Hardt points to two district court cases in which a party was awarded attorney's fees after a remand to a plan administrator: <u>Clark v. Metro Life Ins. Co.</u>, 384 F. Supp. 2d 894 (E.D. Va. 2005), and <u>Christian v. DuPont-Waynesboro Health Care Coverage Plan</u>, 12 F. Supp. 2d 535 (W.D. Va. 1998). Even assuming these cases are consistent with <u>Buckhannon</u>, they do not aid Hardt. In each of those cases, the plaintiff included a second count alleging procedural error under ERISA and requesting remand as the appropriate legal relief. Thus, by remanding the case, the district court in those cases was providing the very relief requested by the complaint. Hardt, however, did not include such a count in her complaint.

Because (1) Hardt's only request for relief was the award of benefits, which the district court did not award, and (2) the district court's remand order did not satisfy the requirements of <u>Buckhannon</u> or <u>Goldstein</u>, Hardt does not qualify as a prevailing party and is thus not eligible for an award of attorney's fees.

III.

For the foregoing reasons, Hardt's attorney's fees award is

VACATED.